USCA1 Opinion

 

 United States Court of Appeals For the First CircuitNo. 98-1832  UNITED STATES, Appellee, v. LUIS ANGEL TORRES-OTERO, a/k/a EL ENAMO, a/k/a LITTLE LUIS, a/k/a PRIMO, Defendant, Appellant.No. 98-2012 LUIS A. TORRES-OTERO, Petitioner, Appellant, v. UNITED STATES, Respondent, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Héctor M. Laffitte, U.S. District Judge] Before Stahl, Circuit Judge, Bownes, Senior Circuit Judge, and Lipez, Circuit Judge.     Peter Goldberger, with whom Pamela A. Wilk was on brief, forTorres-Otero. Grace Chung Becker, Trial Attorney, United States Departmentof Justice, for the United States.September 16, 1999   Per Curiam. In this opinion we address the issue of thecourse to take in light of the recent Supreme Court decision inPeguero v. United States, 119 S. Ct. 961 (1999). The Court heldthat, "petitioner is not entitled to habeas relief based on a Rule32(a)(2) violation when he had independent knowledge of the rightto appeal and so was not prejudiced by the trial court's omission." Id. at 965. We had before us consolidated appeals arising fromproceedings under 28 U.S.C. § 2255 in which the district courtdetermined that defendant Luis Torres-Otero (Torres) had not, athis original sentencing in 1992, been informed by the districtcourt of his right to appeal. As a remedy for this violation, thedistrict court denied Torres's request that he be resentenced and,over Torres's objection, ordered the clerk to file a notice ofappeal on Torres's behalf. Before we address the main subject of this opinion, wemust first consider the government's challenge to our jurisdictionto hear the appeals. The government contends that AEDPA deprivesthis court of jurisdiction over the appeal of the denial ofTorres's § 2255 motion because AEDPA precluded a "second orsuccessive" § 2255 motion unless certain preconditions, not presenthere, were met. We disagree because we conclude that the matterbefore us is not a "second or successive" § 2255 motion. Rather,we find it a final decision on Torres's first § 2255 motion, albeita decision issued as a result of a motion to reconsider. The district court characterized its failure to haveadvised Torres of his right to appeal as "per se error." It held: "A criminal defendant is automatically entitled to relief if he wasnot advised at sentencing of his right to appeal." Dist. Ct. Op.D.P.R., June 16, 1998. The decision in Peguero, issued on March 2, 1999, wassubsequent to the district court opinion and prior to oral argumentin the appeal before us. There can be no doubt that Peguero isbinding on us. In Peguero the Court stated: Trial judges must be meticulous and precise in following each of the requirements of Rule 32 in every case. It is undisputed, then, that the court's failure to give the required advice was error.Id. at 964. Immediately following this admonition, the Courtstated: A violation of Rule 32(a)(2), however, does not entitle a defendant to collateral relief in all circumstances. Our precedents establish, as a general rule, that a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error.Id.  In the course of its opinion the Court rejected theargument that, "a Rule 32(a)(2) oversight, though nonprejudicial,automatically entitles the defendant to habeas relief." Id. at965.  The court then made the following statement: Rule 52(a) of the Federal Rules of Criminal Procedure prohibits federal courts from granting relief based on errors that "d[o] not affect substantial rights." See Rule 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded"); see also Bank of Nova Scotia  v. United States, 487 U.S. 250, 254-55, 108 S. Ct. 2369, 101 L.Ed.2d 228 (1988) ("[A] federal court may not invoke supervisory power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a). . . . Rule 52 is, in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions").Id. at 965. In light of the holding of Peguero and its teaching wefeel constrained to remand this case to the district court for afactual inquiry as to whether Torres-Otero knew that he had a rightto appeal notwithstanding the district court's failure to so advisehim. If he had such knowledge then the sentencing appeal is moot. If he did not know of his right to appeal, we will proceed todecide the sentencing appeal. We hesitate to tell the district court how to conductsuch a factual hearing. We point out the obvious. The hearingshall be conducted as would any other factual hearing under theFederal Rules of Criminal Procedure. If Torres-Otero denies thathe had knowledge of his right to appeal, the government has theburden of proving otherwise. So Ordered.