**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-7267**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH LAMAR GIBSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence. C. Weston Houck, Chief District Judge.
(CR-94-614, CA-97-239-4-12)

———————

Submitted: February 24, 2000         Decided: March 1, 2000

———————

Before MOTZ and KING, Circuit Judges, and BUTZNER, Senior Circuit
Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

William Elvin Hopkins, Jr., MCCUTCHEN, BLANTON, RHODES & JOHNSON,
Columbia, South Carolina; Debra Yvonne Chapman, Columbia, South
Carolina, for Appellant.  Marshall Prince, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

   Keith Lamar Gibson seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999).  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court.  See United States v. Gibson, Nos. CR-94-614; CA-97-239-4-12 (D.S.C. Aug. 31, 1999).  With regard to Gibson's claim that the district court failed to advise him of his right to appeal, we find that he was not entitled to relief because the district court informed him of his right to appeal his sentence during the plea colloquy.  See Pequero v. United States, 526 U.S. 23, 24 (1999) (holding that "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission").  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2