United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————————

No. 02-41713
Summary Calendar

—————————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE LUIS MARTINEZ-REBOLLOSO

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1044-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Luis Martinez-Rebolloso ("Martinez") appeals his

sentence following his guilty-plea conviction for illegal reentry

of the United States after deportation in violation of 8 U.S.C.

§ 1326.

Martinez argues that the sentencing provisions of 8 U.S.C.

§ 1326(b) are unconstitutional. Martinez acknowledges that his

argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S. 224, 235 (1998), but he seeks to preserve his argument for further review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, Martinez's sentence cannot be vacated on this ground.

Martinez also argues that he was not provided the required 35 days to review the PSR prior to sentencing. See FED. R. CRIM. P. 32(b)(6)(A) (2002).** The rule was violated in this case: the PSR was prepared on October 25, 2002, Martinez did not waive the minimum period, and sentencing was held on November 18, 2002. The Government concedes that it cannot show that this error was harmless. See FED. R. CRIM. P. 52(a); Peguero v. United States, 526 U.S. 23, 29-30 (1999). We agree. The error denied Martinez sufficient time to obtain evidence to support his assertion that several of his prior convictions were constitutionally invalid because he had not knowingly and voluntarily waived his right to counsel in those cases. Therefore, we VACATE his sentence on this ground and REMAND this case to the district court for resentencing.

---

** This rule is now found at FED. R. CRIM. P. 32(e)(2) (2003).

Martinez also argues that he should not have been assessed a criminal history point for his prior conviction for burglary of a vehicle. He acknowledges that this issue was not raised below and that plain-error review applies. Because this offense occurred prior to age 18, and because the sentence was not imposed within five years of his commencement of the instant offense, the district court plainly erred in imposing a criminal history point. See U.S.S.G. § 4A1.2(d)(2)(B). If this were the only issue on appeal, we would decline to grant relief; by itself, the deletion of this single point does not affect the determination of his criminal history category or the applicable Guidelines range, and therefore Martinez cannot show that the error affected his substantial rights. See United States v. Wheeler, 322 F.3d 823, 827-28 (5th Cir. 2003) (to affect substantial rights, error must affect outcome of proceedings). Because we remand for resentencing, the district court should consider the issue on remand on a proper objection by Martinez.

Accordingly, Martinez's sentence is VACATED and this case is REMANDED to the district court for resentencing.