

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2006

# Douglas v. Wolf

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Douglas v. Wolf" (2006). *2006 Decisions.* Paper 310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3888

———

BRIAN DOUGLAS,

Appellant

v.

WILLIAM J. WOLF,
Superintendent,

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cv-00446)
District Judge: Honorable Christopher C. Connor

———

Submitted Under Third Circuit LAR 34.1(a),
September 11, 2006

Before: FUENTES, FISHER, and BRIGHT,[*] Circuit Judges.

(Filed:  October 20, 2006)

---

[*] The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Petitioner-Appellant Brian Douglas ("Douglas") appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. Also before the Court is Douglas's December 2, 2005 Motion to Take Judicial Notice of Subsequent State Court Proceedings, pursuant to Fed. R. Evid. 201(b).

We will grant Douglas's 201(b) Motion and affirm the District Court's Order denying post-conviction relief.

**I.**

As we write for the parties, we need not describe the facts of this case in detail. Likewise, the lengthy procedural history of this case is recounted below only as it relates to this appeal. Briefly, on February 12, 1998, Douglas appeared before the Honorable Richard A. Lewis of the Court of Common Pleas of Dauphin County, Pennsylvania. With the assistance of trial counsel, James Zugay, Douglas entered a plea of guilty to charges of two counts each of rape, statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of minors. These charges were based on Douglas's sexual contact with a ten-year old girl. Douglas entered a plea agreement that recommended, among other things, a sentence of two and a half years to ten years on the

2

rape charge and a consecutive five year probationary term; on April 1, 1998 Douglas received this sentence.

Immediately after sentencing, Douglas retained attorney Anser Ahmad, who's only action in the case was to file a motion to modify Douglas's sentence. The motion was denied on June 10, 1998. Less than a month later, on July 8, 1998, Douglas filed a timely notice of direct appeal, pro se. The notice stated that a "notice [of appeal] was never filed despite the defendant's requests of attorneys in this case." (Appx. II at 64.) The trial court attempted to alert Ahmad to Douglas's pro se filing: the notice of appeal was mailed to Ahmad on July 14, 1998, followed by a call to his office on October 22, 1998. Ahmad's phone number was out of service. The last docketed action with respect to Douglas's direct appeal was Douglas's pro se request for transcripts, in which Douglas indicated that Ahmad had refused to represent him any further. Ahmad never filed a motion to withdraw from the case.

On January 8, 1999, Douglas filed a timely petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. Over the course of Douglas's post-conviction proceedings he had two court-appointed attorneys to pursue his petition. Both of them were permitted to withdraw because they had demonstrated to the court that Douglas's PCRA claims lacked merit. The Superior Court of Pennsylvania dismissed Douglas's first PCRA petition, on the merits, on May 29, 2001. All of Douglas's subsequent appeals and PCRA petitions have been dismissed.

On March 22, 2002, Douglas filed the instant petition for writ of habeas corpus

3

with the District Court. Douglas's petition alleges, among other things, that counsel's performance was constitutionally deficient because counsel failed to withdraw Douglas's guilty plea and because counsel failed to file a direct appeal despite petitioner's request. On September 12, 2003 the District Court denied Douglas's petition and found no basis for the issuance of a certificate of appealability.

The Certificate of Appealability issued by this Court on October 15, 2004, limits our review to whether Douglas was deprived of his right to the effective assistance of counsel because counsel failed to file a direct appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. A federal court may grant relief to a habeas applicant "with respect to any claim that was adjudicated on the merits in State court proceedings," only if the state's adjudication of the claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent under § 2254(d)(1) where the state court reached a "conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application"

4

under § 2254(d)(1) if the court "identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Gattis v. Snyder, 278 F.3d 222, 228 (3d Cir. 2002) (citing Williams, 529 U.S. at 407).

Because Douglas claims that his Sixth Amendment right to effective assistance of counsel was violated, habeas relief is available if the state court's rejection of his claim is either "contrary to" or involved an "unreasonable application of" the familiar two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that counsel's performance was objectively deficient and that this deficient performance was prejudicial. Id. at 687.

If a lawyer disregards specific instructions from the defendant to file a notice of appeal, the lawyer's conduct is professionally unreasonable, satisfying the first Strickland prong. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Here, Appellee concedes for the purposes of argument that Douglas told his counsel, both Zugay and Ahmad, that he wanted to appeal his conviction. Assuming that Douglas has therefore satisfied the first prong of Strickland, the only remaining issue is whether counsel's presumptively deficient performance prejudiced Douglas. See Harrington v. Gillis, 456 F.3d 118, 125 (3d Cir. 2006) (citing Flores-Ortega, 528 U.S. at 478).

To satisfy the prejudice prong in Strickland, "a defendant must demonstrate that

5

there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 125-26 (quoting Flores-Ortega, 528 U.S. at 484). In Flores-Ortega the Supreme Court announced a modified standard of prejudice for cases such as this one, where counsel's deficient performance allegedly caused forfeiture of a proceeding:

> [C]ounsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief. Cf. Peguero v. United States, 526 U.S. 23 (1999) (defendant not prejudiced by court's failure to advise him of his appeal rights, where he had full knowledge of his right to appeal and chose not to do so). Accordingly, we hold that, to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

528 U.S. at 484 (citation omitted).

Douglas fails to demonstrate prejudice under Flores-Ortega because he filed a timely notice of direct appeal and request for appointment of counsel, on July 8, 1998, and therefore cannot show that Zugay's or Ahmad's "deficient performance . . . actually cause[d] the forfeiture of [his] appeal."[1] Id. Whatever circumstances caused Douglas to abandon his direct appeal are not attributable to Zugay and Ahmad, who were no longer representing Douglas after he filed his pro se notice of appeal. Although curious, the fate of Douglas's initial request for court-appointed counsel is not the subject of this appeal,

---

[1] Douglas has not been prejudiced in his PCRA proceedings either. In its May 30, 2001 Opinion, the Superior Court of Pennsylvania took note of Douglas's ineffective assistance of counsel claim and treated Douglas as having not waived any claims that he could have raised on direct appeal.

6

which is limited to the narrow question of whether Douglas's counsel was constitutionally deficient. Counsel was eventually appointed for Douglas, six months after his notice of appeal was filed. By then, Douglas had already filed his first PCRA petition and his new attorney was tasked with pursing collateral relief.[2]

For the reasons above, the Pennsylvania Superior Court's dismissal of Douglas's ineffective assistance of counsel claim was not "contrary to" or involving an "unreasonable application of" Strickland nor Flores-Ortega. We have considered all of Douglas's remaining arguments and conclude that they are without merit. Accordingly, Douglas's § 2254 petition will be dismissed and the judgment of the District Court will be affirmed.

---

[2] Douglas argues that the attorneys appointed to assist him with his PCRA petitions also dropped the ball by failing to alert the Pennsylvania courts to his abandoned direct appeal. But Douglas's § 2254 petition, filed March 22, 2002, complains only of attorney Zugay's deficient performance. Moreover, even if Douglas had complained of ineffective assistance of his PCRA counsel, his claim would fail under Pennsylvania v. Finley, 481 U.S. 551 (1987), which established that there is no constitutional right to an attorney in state post-conviction proceedings, and Wainwright v. Torna, 455 U.S. 586 (1982), which established that where there is no constitutional right to counsel there can be no ineffective assistance of counsel claim. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citing Finley and Torna); Dunn v. Colleran, 247 F.3d 450, 467 (3d Cir. 2001) (citing Finley).