# Order

Michigan Supreme Court
Lansing, Michigan

February 1, 2008

134663 & (19)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JASON LEE DEKUBBER,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134663
COA: 278507
Kent CC: 05-004592-FH;
05-004593-FH; 05-004594-FC

By order of October 29, 2007, the defendant's appellate counsel was directed to file a supplemental brief. On order of the Court, the brief having been received, the application for leave to appeal the July 13, 2007 order of the Court of Appeals is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals. That court shall treat the defendant's delayed application for leave to appeal as having been filed within the deadline set forth in MCR 7.205(F) and shall decide whether to grant, deny, or order other relief, in accordance with MCR 7.205(D)(2). The defendant's attorney acknowledges that the defendant did not contribute to the delay in filing and she knowingly allowed the appellate filing deadline to pass because defendant's family was unable to pay for her services. We conclude that the defendant was deprived of his direct appeal as a result of constitutionally ineffective assistance of counsel. See *Roe v Flores-Ortega*, 528 US 470, 477; 120 S Ct 1029; 145 L Ed 2d 985 (2000); *Peguero v United States,* 526 US 23, 28; 119 S Ct 961; 143 L Ed 2d 18 (1999). Counsel's decision to delay filing and permit the deadline to pass without seeking to withdraw from representation so that the court could appoint appellate counsel to prepare defendant's appeal was the "but-for" cause of defendant's lost appeal.

Costs are imposed against the attorney, only, in the amount of $250, to be paid to the Clerk of this Court.

We do not retain jurisdiction

CORRIGAN, J., dissents and states as follows:

I respectfully dissent. The defendant's retained appellate attorney missed the deadline for late appeal in the Court of Appeals. As a result, his appeal was dismissed for lack of jurisdiction. Under *Roe v Flores-Ortega,* 528 US 470, 486 (2000), a defendant alleging that ineffective assistance of counsel deprived him of his appeal must show that, "but for counsel's deficient conduct, he would have appealed." Thus, the defendant must establish, as a factual matter, that his appellate attorney caused him to forgo an appeal by rendering assistance that fell below professional norms. His attorney may not be the but-for cause of his lost appeal if the defendant contributed to the delay or indicated that he did not wish to appeal. Cf. *Peguero v United States,* 526 US 23, 25-26, 28 (1999). Here, the defendant replaced his appointed appellate attorney by retaining a second attorney almost 11 months after his convictions and sentences were entered. After the retained attorney filed an unsuccessful motion for resentencing in the trial court, the defendant's family did not pay his legal bills on time. His retained attorney asserts that, although the family's inability to pay was "not Defendant's fault," she waited to prepare and file his appeal until she received payment. She also claims that she informed the defendant and his family that she would not pursue an appeal until the defendant paid his outstanding legal bills and an additional retainer. Under these circumstances, questions of fact remain regarding whether the retained attorney caused the defendant to forgo his appeal by rendering assistance that fell below professional norms and whether the defendant contributed to the delay. Accordingly, I would remand for the trial court to address these questions at a *Ginther* hearing. *People v Ginther,* 390 Mich 436 (1973).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

Clerk

d0129