# Order

Michigan Supreme Court
Lansing, Michigan

March 7, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132060 & (28) (34) (35)

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

FONZA JACKSON,
          Defendant-Appellant.

SC: 132060
COA: 268470
Wayne CC: 81-003916

_____/

By order of January 24, 2007, the prosecuting attorney was directed to answer the application for leave to appeal the August 16, 2006 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The motions for appointment of counsel and to remand are DENIED.

KELLY, J., dissents and states as follows:

I would remand this case to the Wayne Circuit Court for an evidentiary hearing to determine whether an appeal was taken from the Wayne County Probate Court, Juvenile Division, order waiving jurisdiction over defendant to the Detroit Recorder's Court.

In 1982, at the age of 16, defendant was tried as an adult and convicted of first-degree murder. The Court of Appeals affirmed the conviction and this Court denied leave to appeal. Defendant moved for relief from judgment,[1] claiming that his counsel never appealed his juvenile court waiver as defendant requested. The prosecutor has determined that the pertinent juvenile court records were destroyed. Thus, it remains unclear whether an appeal of the waiver decision ever occurred.

---

[1] MCR 6.508.

Generally, the burden is on defendant to prove his entitlement to relief. We would expect defendant to support his position through the official court records. However, here, the records were destroyed. It is difficult for defendant to meet his burden without the opportunity to make a supplemental record. At an evidentiary hearing, defendant might produce witnesses who could verify his position, notably his previous attorneys.

Defendant has not shown that an appeal of the waiver decision would have succeeded. However, if his counsel failed to file a notice of appeal when requested to do so, defendant was denied the effective assistance of counsel. He would be entitled to a new appeal without a showing that his appeal would have been meritorious. *Roe v Flores-Ortega*, 528 US 470, 477 (2000). The United States Supreme Court has ruled that a defendant cannot be required to show that he or she was prejudiced by such a deprivation. *Peguero v United States*, 526 US 23, 28 (1999). Thus, the fact that defendant has not shown that an appeal of the waiver would have been successful does not control whether he was denied the effective assistance of counsel.

Accordingly, I would remand this case for an evidentiary hearing to determine if an appeal was taken from the waiver decision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

Clerk

s0304