# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 25, 2008

134706 & (22)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

THEODORE N. KINNISON,
        Defendant-Appellant.

_____/

SC: 134706
COA: 277280
Alcona CC: 05-000425-FC

By order of December 20, 2007, the defendant's appellate counsel was directed to file a supplemental brief. On order of the Court, the brief having been received, the application for leave to appeal the June 27, 2007 order of the Court of Appeals is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals. That court shall consider whether either of appellate counsel's two stated reasons for failing to timely file defendant's motion for resentencing and his delayed application for leave to appeal entitled defendant to have his April 10, 2007 application for leave to appeal considered under the standard applicable for direct appeals. Defendant's application should be considered under the standard for direct appeals if the Court of Appeals concludes either that the delay was caused by a trial court error and/or by counsel's reasonable conclusions regarding the filing period, or because counsel behaved unreasonably and, therefore, rendered ineffective assistance. See *Roe v Flores-Ortega,* 528 US 470, 477; 120 S Ct 1029; 145 L Ed 2d 985 (2000); *Peguero v United States,* 526 US 23, 28; 119 S Ct 961; 143 L Ed 2d 18 (1999).

      We do not retain jurisdiction.

      CAVANAGH and KELLY, JJ., would remand this case to the Court of Appeals for reconsideration of the defendant's April 10, 2007 application for leave to appeal under the standard applicable to direct appeals because they believe that the defendant was deprived of his direct appeal as a result of constitutionally ineffective assistance of counsel.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 25, 2008

_____
Clerk

s0422