# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 22, 2010

139375

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

SC: 139375
COA: 285331
Saginaw CC: 06-028072-FC

PAUL DAVID-BUCKLEY HENDERSON,
      Defendant-Appellant.
_____/

      On order of the Court, the application for leave to appeal the June 12, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals. That court shall treat the defendant's brief on appeal as having been timely filed and shall reinstate the appeal. The defendant's attorney acknowledges that the defendant did not contribute to the delay in filing and admits his sole responsibility for the error. Accordingly, the defendant was deprived of his appeal of right as a result of constitutionally ineffective assistance of counsel. See *Roe v Flores-Ortega*, 528 US 470, 477; 120 S Ct 1029; 145 L Ed 2d 985 (2000); *Peguero v United States*, 526 US 23, 28; 119 S Ct 961; 143 L Ed 2d 18 (1999).

      Costs are imposed against the attorney, only, in the amount of $250, to be paid to the Clerk of this Court.

      We do not retain jurisdiction.

      CORRIGAN, J. (*concurring*).

      I concur in the order reinstating defendant's appeal because he was deprived of the effective assistance of appellate counsel. I would also refer his appellate attorney, William T. Street, to the Attorney Grievance Commission (AGC) to investigate Street's failure to successfully prosecute the appeal. Street admits that he was solely responsible for the filing delays that caused the Court of Appeals to dismiss the appeal for want of

prosecution. He now applies for leave to appeal to this Court on defendant's behalf, effectively asking that we provide a remedy for his deficient performance.

I would refer attorneys to the AGC under these circumstances for several reasons. Most significantly, when a defendant's appeal is reinstated due to ineffective assistance of counsel, he has no incentive to contact the AGC himself concerning his attorney's failures; he has already received relief for the failures. Yet, to protect future defendants, it is important for the AGC to identify attorneys who may consistently provide ineffective assistance, in order to take any appropriate disciplinary action. Further, referral to the AGC in these cases avoids encouraging attorneys to use this Court to correct for their own ineffective representation at the Court of Appeals.

This Court will consider, as an administrative matter, whether to consistently refer attorneys to the AGC if a defendant's appeal is reinstated as a result of ineffective assistance of counsel. I would urge that we do so as a matter of course in order to treat attorneys uniformly and for the AGC to identify patterns of attorney malfeasance that may constitute professional misconduct.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 22, 2010

_Corbin R. Davis_
Clerk

d0119