HELENE N. WHITE, Circuit Judge,
concurring in the judgment.
DiCenzi v. Rose addressed the same delayed-appeal claim that Shorter raises here and held that the AEDPA clock begins to run on this claim at the time the Ohio Court of Appeals denies the motion for delayed appeal. 452 F.3d 465, 468 (6th Cir. 2006). The majority distinguishes DiCenzi by suggesting that the DiCenzi panel considered the petitioner’s due diligence in seeking his delayed appeal. Maj. Op. at 231-32. But DiCenzi held that the delayed-appeal claim accrued when the Ohio Court of Appeals denied the petitioner’s motion for delayed appeal without reference to the petitioner’s diligence in filing the motion. 452 F.3d at 468. Further, the majority’s suggestion contradicts DiCenzi’s explanation addressing the petitioner’s other claims. When reviewing the timeliness of those claims, the court concluded that it could not find, based on the record, that the petitioner was diligent in bringing his delayed appeal, and accordingly remanded to the district court to determine whether the petitioner was diligent in pursuing his appeal rights. See DiCenzi, 452 F.3d at 470 (“In the instant case, the district court simply did not develop a record as to *233 whether DiCenzi was duly diligent for statutory purposes.”); id. at 471 (“[W]e can only speculate whether DiCenzi exercised due diligence.”); id. (remanding to determine when the petitioner “first learned of his right to appeal” and when he could be “reasonably expected to learn of his appeal rights”). Although Johnson admittedly casts some doubt on the soundness of DiCenzi’s categorical holding that the § 2244(d)(1) clock begins to run on delayed-appeal claims upon the denial of the motion for delayed appeal, DiCenzi remains binding on this panel. See United States v. Pawlak, 822 F.3d 902, 911 (6th Cir. 2016). Bound by DiCenzi, I would find Shorter’s delayed-appeal claim timely.. Nevertheless, I concur in the judgment because Shorter’s claim fails on the merits.
The Ohio Court of Appeals denied Shorter’s motion for delayed appeal without explanation. Shorter then appealed to the Ohio Supreme Court, arguing that the denial of his motion for delayed appeal was unconstitutional because he was not informed and was unaware of his appeal rights. The Ohio Supreme Court declined to accept jurisdiction without explanation. Giving Shorter the benefit of doubt whether the Ohio Supreme Court’s decision rested on an independent and adequate state procedural bar, see Lovins v. Parker, 712 F.3d 283, 296 (6th Cir. 2013), and assuming the Ohio Supreme Court denied Shorter’s claim on the merits, the denial is not an unreasonable application of clearly established federal law. The state argued in response to Shorter’s motion for delayed appeal that Shorter was not unaware of his appeal rights, and pointed out that Shorter had requested judicial release and modification of his sentences in previous cases where Shorter had pled guilty. The government also noted that Shorter was college educated and was represented by experienced counsel. Further, in response to inquiries from Shorter shortly after his guilty plea, Shorter’s counsel informed him that he had at least one ground for appeal—that his guilty plea was not knowing and voluntary. Thus, there is evidence in the record suggesting that Shorter knew that he could appeal.
The United States Supreme Court has held that a defendant’s habeas claim based on not being informed of his appellate rights in violation of Federal Rule of Criminal Procedure 32 fails if he otherwise had knowledge of his appeal rights. Peguero v. United States, 526 U.S. 23, 29-30, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999). Here, there is evidence that Shorter was informed by counsel of his appeal rights.[1] The
Ohio courts’ denial of Shorter’s delayed appeal premised on the trial court’s failure to inform him of his appellate rights therefore was not an unreasonable application of clearly established federal law.
Accordingly, I concur in the judgment.

. Ohio law, similar to the federal rules, requires that the trial court inform the defendant of his right to appeal his conviction after “imposing sentence in a serious offense that has gone to trial,” Ohio Crim. R. 32 (B)(1), but notice of appellate rights is not always mandatory after a guilty plea, as in Shorter’s case, see Ohio Crim. R. 32(B)(2) (“After imposing sentence in a serious offense, the court shall advise the defendant of the defendant’s right, where applicable, to appeal or to seek leave to appeal the sentence imposed.”). Shorter’s sentence is not subject to appellate review because Ohio law specifically prohibits an appeal of a sentence where the defendant pleads guilty and receives a sentence that is jointly recommended, as here. See Ohio Rev. Code § 2953.08(D)(1).