**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff below, Respondent**

**v.) No. 23-439** (Monongalia County 18-F-333)

**Aron Freeland,**
**Defendant below, Petitioner**

## MEMORANDUM DECISION

Petitioner Aron Freeland appeals the June 22, 2023, order of the Circuit Court of Monongalia County denying his motion to be resentenced for purposes of filing an appeal.[1] The petitioner argues that (1) the circuit court failed to set forth findings of fact and conclusions of law sufficient to permit meaningful appellate review, and (2) the circuit court abused its discretion in denying a resentencing to renew the time the petitioner has to appeal his convictions.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court with directions to hold a limited hearing on whether the petitioner asked his counsel to file an appeal within his previous four-month appeal time, and, if the court determines that the petitioner made such a request, to resentence him for purposes of appeal.

In 2018, the petitioner was indicted in the Circuit Court of Monongalia County on two counts of second-degree sexual assault based on conduct occurring in 2002. On March 8, 2022, pursuant to a plea agreement, the petitioner entered *Alford/Kennedy* pleas[2] to first-degree sexual

---

[1] The petitioner appears by counsel Justin M. Hershberger, and the State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

1

abuse as a lesser included offense of count one and to abduction of a person as a lesser included offense of count two, and the circuit court sentenced him to one to five years of incarceration for first-degree sexual abuse and to three to ten years of incarceration for abduction of a person, to be served concurrently with each other but consecutively to the petitioner's sentence in Monongalia County No. 03-F-132.[3]

At the March 8, 2022, plea and sentencing hearing, the circuit court questioned petitioner about the charges against him, the potential penalties for the offenses, and the rights he was waiving by entering his guilty pleas. The circuit court was persuaded that the petitioner understood the charges against him and the potential penalties, that the petitioner understood his right to trial on the charges, that the petitioner also understood the charges to which he was offering his guilty plea and the penalties for the offenses. The circuit court found that the petitioner knew that he had the right to appeal any conviction for any errors of law and to challenge on appeal all pre-trial proceedings. The circuit court noted the petitioner's satisfaction with his counsel and determined that the petitioner knowingly and voluntarily waived his rights regarding a trial on the charges contained within the indictment. The circuit court concluded that the petitioner's guilty pleas were freely and voluntarily given.

Six months later, on September 27, 2022, the petitioner, self-represented, filed a motion to be resentenced for purposes of appeal. In the motion, the petitioner alleged that his guilty pleas were not voluntary due to a breakdown of communication between him and the two attorneys consecutively appointed to represent him through the March 8, 2022, plea and sentencing hearing. On January 27, 2023, the petitioner's new counsel also filed a motion asking that the petitioner be resentenced for purposes of appeal. In this motion, the petitioner asserted that his guilty pleas were not voluntary because his then-counsel failed to inform him of the State's March 4, 2022, motion to dismiss count two of the indictment until after he entered his guilty pleas. The petitioner argued that, as he was alleging that prior counsel provided ineffective assistance, "there would have been a conflict of interest to excuse the initial failure to file a timely appeal."[4]

At a June 1, 2023, hearing, the circuit court did not address whether the petitioner asked his then-attorney to file an appeal within his previous four-month appeal time.[5] Instead, the circuit court considered the parties' arguments regarding the merits of any appeal the petitioner might file and the feasibility of his raising an ineffective assistance of counsel claim in a direct appeal. The petitioner argued that, while he would not be able to develop a new record involving the ineffective assistance claim, he could still raise the issue in a direct appeal, "and that goes into the

---

[3] In a separate case, Monongalia County No. 03-F-132, the petitioner is serving an aggregate sentence of twenty to fifty years of incarceration for convictions on two counts of second-degree sexual assault. *Freeland v. Ballard*, No. 11-0126, 2013 WL 1395890, at *3 (W. Va. Apr. 5, 2013) (memorandum decision).

[4] On February 6, 2023, the State filed a response to the motion to be resentenced for purposes of appeal.

[5] Pursuant to Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4, a party has four months in which to perfect an appeal.

2

voluntariness of his plea agreement." The State countered that the proper method of raising an ineffective assistance of counsel claim is by filing a petition for a writ of habeas corpus and that the petitioner had already filed a habeas petition.[6] The circuit court found that petitioner may "continue to proceed" with his habeas action because his ineffective assistance claim would "be handled better" in that proceeding and that petitioner "fully understood" that his guilty pleas benefitted him by exposing him to greatly reduced sentences than he would have faced if he decided to go to trial. Therefore, the circuit court denied the petitioner's motion, stating that "resentencing is not something I'm going to grant at this stage in the proceedings." On June 22, 2023, the circuit court memorialized its ruling in a brief order, which simply indicated that the petitioner's motion to be resentenced for purposes of appeal was denied after the court heard the parties' arguments.

The petitioner now appeals the circuit court's June 22, 2023, order. We review the petitioner's assignments of error under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

On appeal, the petitioner relies upon *State v. Redman*, 213 W. Va. 175, 578 S.E.2d 369 (2003), to argue that the circuit court did not make findings of fact and conclusions of law sufficient to permit meaningful appellate review of its denial of the motion to be resentenced for purposes of appeal. However, the petitioner's reliance is misplaced. In *Redman*, the circuit court incorporated by reference its findings from an earlier order when ruling on a motion for reduction of sentence from the bench. *Id.* at 179, 578 S.E.2d at 373. Therefore, this Court concluded that "the lower court was not in violation of this Court's holdings that require findings of fact and conclusions of law as a necessary prerequisite to appellate review." *Id.* at 180, 578 S.E.2d at 374.

The circuit court erred by focusing on the wrong inquiries in addressing the motion. The circuit court addressed the merits of any appeal the petitioner might file and the feasibility of his raising an ineffective assistance of counsel claim in a direct appeal. Instead, the proper inquiry is whether the defendant asked counsel to file an appeal because, "[w]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that this appeal would likely have had merit." *State v. Michael M.*, No. 20-0496, 2021 WL 4936480, at *3 n.3 (W. Va. Oct. 1, 2021) (memorandum decision) (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

---

[6] The petitioner's habeas action is pending before the circuit court in Monongalia County No. 23-C-76.

3

As we explained in *Michael M.*, "[t]he constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." *Id.* (quoting Syl. Pt. 8, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977)). In *Carter v. Bordenkircher*, 159 W. Va. 717, 226 S.E.2d 711 (1976), we found that the appropriate relief for the denial of the right to appeal is usually a resentencing to renew the defendant's four-month appeal time. *Id.* at 726, 226 S.E.2d at 717. This Court has directed circuit courts to provide such relief when defendants have requested resentencing for the purpose of appeal prior to or as part of a habeas petition. *See Harrison v. Straughn*, No. 19-1071, 2021 WL 357882 (W. Va. Feb. 2, 2021) (memorandum decision) (appeal of denial of habeas petition); *State v. Higgins*, No. 19-0893, 2020 WL 5092917 (W. Va. Aug. 28, 2020) (memorandum decision) (appeal of denial of motion for resentencing for purposes of appeal); *State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. Mar. 29, 2013) (memorandum decision) (appeal of denial of habeas petition).

Therefore, we vacate the circuit court's June 22, 2023, order denying the petitioner's motion to be resentenced for purposes of appeal and remand this case to the circuit court with directions to hold a limited hearing on whether the petitioner asked his counsel to file an appeal within his previous four-month appeal time, and, if the court determines that the petitioner made such a request, to resentence him for purposes of appeal.

Vacated and<br>Remanded with Directions

**ISSUED:** May 1, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Charles S. Trump IV

**CONCURRING IN PART, AND DISSENTING, IN PART:**

Justice C. Haley Bunn

BUNN, Justice, concurring in part, and dissenting, in part:

I agree with the majority's determination that the record for this appeal, viewed in whole, contains sufficient findings of fact and conclusions of law to permit meaningful appellate review. However, I disagree with the majority's decision to vacate the circuit court's order denying Mr. Freeland's motion to be resentenced for purposes of appeal. I would affirm the circuit court's ruling on Mr. Freeland's motion. Therefore, I dissent to that portion of the majority's decision.

4

The majority concludes that "the circuit court erred by focusing on the wrong inquiries in addressing" Mr. Freeland's motion for resentencing, explaining that "the proper inquiry is whether the defendant asked counsel to file an appeal[.]" *Maj. Dec.* at 3. Generally, I agree with the majority that "[t]he constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." *State v. Michael M.*, No. 20-0495, 2021 WL 4936480, at *3 n.3 (W. Va. Oct. 1, 2021) (memorandum decision) (quoting Syl. pt. 8, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977)). I further agree that generally "[w]hen counsel fails to file a *requested* appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit." *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 965, 143 L. Ed. 2d 18 (1999) (emphasis added)).

However, the majority decision then observes that this Court has "directed circuit courts to provide such relief when defendants have requested resentencing for the purpose of appeal prior to or as part of a habeas petition." *Maj. Dec.* at 4 (citing *State v. Higgins*, No. 19-0893, 2020 WL 5092917 (W. Va. Aug. 28, 2020) (memorandum decision); *State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. Mar. 29, 2013) (memorandum decision)). In these cases relied on by the majority, the petitioners alleged that they asked counsel to file an appeal, but counsel failed to do so, and where the alleged request could not be confirmed on the record, this Court directed the circuit court to conduct a hearing to determine whether the request had actually been made.[1] *See, e.g.*, *Higgins*, 2020 WL 5092917, at *2-3 (reversing and remanding the matter to the circuit court so "that the record can be developed to establish whether petitioner requested that his attorney file an appeal of his conviction and sentence" when the petitioner argued on appeal that his attorney failed to file a direct appeal "despite petitioner's request that he do so"); *State ex rel. Lewis*, 2013 WL 1286150, at *1 (addressing the petitioner's contention that he requested counsel to file an appeal and respondent warden's argument that the petitioner's request for counsel could not be verified and, because the record was unclear about whether the petitioner asked counsel to appeal, remanding for a hearing on that issue ); *see also, e.g.*, *State v. Clark*, No. 22-764, 2024 WL 1904213, at *2 (W. Va. Apr. 30, 2024) (memorandum decision) (observing that the petitioner claimed that he instructed his defense counsel to file a direct appeal"). According to these cases, "when a criminal defendant files a motion for resentencing *and further alleges that his counsel failed to file an appeal after having been directed to do so*, the circuit court is obligated to provide an evidentiary hearing to consider the merits of the defendant's allegation." *State v. Gregory F.*, No. 20-0411, 2022 WL 1165359, at *2 (W. Va. Apr. 20, 2022) (memorandum decision) (emphasis added).

---

[1] The majority decision also cites to *Harrison v. Straughn*, No. 19-1071, 2021 WL 357882 (W. Va. Feb. 2, 2021) (memorandum decision). The underlying circumstances are unclear from the *Harrison* memorandum decision, as the appendix record was "sparse." *Id.* at *1. Accordingly, it is uncertain whether *Harrison* is even applicable here.

On appeal, Mr. Freeland does not assert that he ever asked counsel to file an appeal within the statutory timeframe;[2] instead, he only argues that his attorney who represented him at the time of the guilty plea and sentencing had a conflict of interest in filing a direct appeal because of a potential ineffective assistance of counsel claim. Furthermore, the record presented on appeal reflects that, during the statutory timeframe to perfect an appeal of Mr. Freeland's case, he continuously sought new counsel, which the court appointed. At no point in the record before us did Mr. Freeland or the court suggest that the new counsel was being appointed specifically to file a direct appeal on Mr. Freeland's behalf. Additionally, the record is devoid of any indication that Mr. Freeland *requested* any of his attorneys below to file an appeal on his behalf within the statutory timeframe. The first suggestion in the record that Mr. Freeland desired a direct appeal was through a pro se motion he filed requesting resentencing for purposes of appeal. Mr. Freeland filed this motion over six months after the court entered the sentencing order, and his motion was filed outside the statutory timeframe to perfect an appeal. Because Mr. Freeland does not argue that he asked his counsel to file a direct appeal during the statutory timeframe and that counsel, in turn, failed to do so, this Court is not obligated to remand for an evidentiary hearing. The majority takes it upon itself to make this argument on Mr. Freeland's behalf. Accordingly, I respectfully concur, in part, insofar as the majority found that the findings of fact and conclusions of law in the record allow for meaningful appellate review, but dissent to the majority's decision to remand the case to allow Mr. Freeland to make an argument that he has not asserted on his own and has no support in the record before us.

---

[2] Both Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4 provide that a party has four months from the entry of the order being appealed in which to perfect an appeal. There are limited exceptions that are not at issue in this appeal.