**Timothy E. CROWE, Plaintiff
and Appellant,**

v.

**STATE of Utah and R. Don Brown,
County Attorney for Sevier County,
Defendants and Respondents.**

No. 18227.

Supreme Court of Utah.

May 25, 1982.

Arthur L. Keesler, Provo, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for defendants and respondents.

PER CURIAM:

The plaintiff here was convicted by a jury of an attempted sale of narcotics. The trial judge advised plaintiff of his right to appeal after the jury returned its verdict, but did not do so at the time of sentencing.

In a post-conviction proceeding under Rule 65B(i), Utah Rules of Civil Procedure, newly retained counsel urged that plaintiff had not properly been advised of his right to appeal within 30 days.[1] Plaintiff asked that the court resentence him, which request was denied.

Plaintiff now appeals as to one issue only: the right to be informed by the court after sentencing of the right to appeal.[2]

Although clearly there is a constitutional right of appeal, there is no federal or state constitutional provision prescribing rules of procedure to perfect such guaranteed right. The trial court in this case clearly told the plaintiff at the trial and after the verdict, that he had a right of appeal. He and his counsel were present and no objection was made to the timeliness of the court's advice. The fact that the court did not advise plaintiff *again* of his right to appeal at sentencing time was harmless error.[3]

Affirmed.

1. U.C.A., 1953, 77–35–26(d).

2. U.C.A., 1953, 77–35–22(c).

3. U.C.A., 1953, 77–35–30(a). See also Rule 61, Utah Rules of Civil Procedure.