**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 00-7059

ERNEST BERRY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-186, CA-00-1981-6-20)

Submitted: January 31, 2001

Decided: February 14, 2001

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Ernest Berry, Appellant Pro Se. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ernest Berry appeals the district court's denial of his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. We grant a certificate of appealability, vacate, and remand.

Berry asserts that while he was advised of his right to appeal, neither the district court nor his attorney advised him of his right to seek leave to proceed on appeal in forma pauperis. He further asserts that due to this failure, he defaulted on his right to appeal.

A district court must advise a defendant of his right to appeal his sentence and of his right to apply for leave to proceed in forma pauperis if he is unable to pay for the cost of an appeal. Fed. R. Crim. P. 32(c). A district court's failure to comply with Rule 32(c) is reviewed for harmless error. *Peguero v. United States*, 526 U.S. 23 (1999) (holding that a defendant who had independent knowledge of his right to appeal was not prejudiced by a court's failure to advise him of that right). In its current state of development, the record is void of any evidence demonstrating that Berry was aware of his right to seek leave to proceed on appeal in forma pauperis. Accordingly, we vacate the district court's order and remand for the district court to make a factual determination on this issue.* In remanding, we note that the Government bears the burden of establishing harmlessness by demonstrating, through clear and convincing evidence, that Berry either actually exercised his right, waived it, or had independent knowledge of it. *United States v. Soto*, 185 F.3d 48, 55 (2d Cir. 1999) ("Where a sentencing court has failed to inform a defendant of his right to appeal, it shall be the government's burden to present clear and convincing evidence that the defendant has suffered no such prejudice."). Merely asserting that Berry's raised claims are currently nonmeritorious is insufficient to demonstrate an absence of prejudice. *Peguero*, 526 U.S. at 30 (O'Connor, J., concurring); *see also Roe v. Flores-Ortega*, 528 U.S. 470, ___, 120 S. Ct. 1029, 1040 (2000); *Rodriquez v. United States*, 395 U.S. 327 (1969); *United States v. Peak*, 992 F.2d 41 (4th Cir. 1993).

---

*We deny Berry's motion for production of documents.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*