**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy Lamont PRICE, Defendant–**
**Appellant.**

**No. 02–2347.**

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 2003.

Before RYAN and BOGGS, Circuit

Judges; and ROSEN, District Judge.*

### ORDER

Timothy Lamont Price appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Price pleaded guilty to charges of use of a firearm in relation to a crime of violence, armed bank robbery, and aiding and abetting–violations of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2113(a) & (2). The district court sentenced Price to a total of 150 months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Price's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Price was notified of counsel's motion to withdraw, but he has not responded.

We will grant the motion to withdraw. The *Anders* brief submitted by counsel reflects that counsel has reviewed the entire record and proceedings. Independent review of the record shows that counsel accurately submits that this case presents no colorable issue for appeal.

The district court properly accepted Price's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The district court assured that Price understood the constitutional rights he was waiving, the statutory maximum sentence he faced, and the applicability of the Sentencing Guidelines. The district court explained that no specific sentence was guaranteed by the plea agreement. Finally, the court painstakingly established that there was a factual basis for Price's plea. Fed.R.Crim.P. 11(b)(1),(2), & (3).

We note that the district court failed to advise Price of his right to appeal. Although this is a technical violation of Fed. R.Crim.P. 32(j)(1)(B), Price's timely notice of appeal rendered the error harmless. Fed.R.Crim.P. 52(a); *see also Peguero v. United States,* 526 U.S. 23, 29, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) (holding that a § 2255 movant must show that he was prejudiced by a district court's failure to advise him of his right to file a direct appeal).

The district court also properly sentenced Price. Neither party registered an objection to the presentence investigation report. *See United States v. Ward,* 190 F.3d 483, 492 (6th Cir.1999) (concerning the waiver of issues by failing to object to the presentence report).

Lastly, we have reviewed the record, and we conclude that no other nonfrivolous issue exists. Accordingly, we GRANT counsel's motion to withdraw and AFFIRM the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.