2006 UT 21

**Donald R. JOHNSON, Plaintiff and Petitioner,**

v.

**STATE of Utah, Defendant and Respondent.**

No. 20040494.

Supreme Court of Utah.

April 4, 2006.

Margaret P. Lindsay, Orem, and Patrick V. Lindsay, Provo, for plaintiff.

Mark L. Shurtleff, Att'y Gen., Thomas Brunker, Asst. Att'y Gen., Salt Lake City, for defendant.

PARRISH, Justice:

¶ 1 We granted certiorari in this case to determine whether a district court may order nunc pro tunc resentencing of a defendant without first determining that the defendant satisfies the jurisdictional prerequisites of the Post–Conviction Remedies Act ("PCRA").[1] Plaintiff Donald R. Johnson filed a petition for post-conviction relief in the district court more than a year after his conviction. The district court ordered that Johnson be resentenced, thereby reviving his right to appeal his conviction. Although the PCRA requires that petitions for post-conviction relief be filed within a year after a cause of action has accrued, it grants a district court discretion to excuse untimely filings in the interests of justice. Because the district court failed to find that Johnson's untimely filing met the interests of justice exception to the PCRA's limitations period, the court of appeals vacated his resentencing. Johnson argues that the interests of justice exception to the PCRA applies to his case, that the district court was not required to make any

---

1. Utah Code Ann. §§ 78–35a–101 to –110 (2002).

specific findings in this regard, and that re-sentencing was a proper remedy.

¶ 2 Our recently issued opinion in *Manning v. State*[2] eliminated nunc pro tunc re-sentencing as a remedy in those cases where a defendant has been denied his right to appeal, replacing it with a simple reinstate-ment of the right to appeal upon a showing that a defendant has been unconstitutionally denied that right. Under our opinion in *Manning*, Johnson was not required to pro-ceed under the PCRA in order to seek rein-statement of his right to appeal. Because Johnson claims that his right to appeal has been denied, we remand this case for the purpose of determining his eligibility for re-lief under the procedure outlined in *Manning*.

## BACKGROUND AND PROCEDURAL HISTORY

¶ 3 In 1993, the Kane County attorney initiated proceedings charging Johnson with forty counts of various crimes (the "first case"). After entering and then withdrawing a guilty plea, Johnson filed a petition seeking a competency evaluation. The district court granted the petition and ordered that John-son "be examined for competency" to stand trial.

¶ 4 While the first case was still pending, Johnson was charged with assault in a sepa-rate criminal proceeding (the "second case"). The district court also ordered a competency examination in that case.[3] Two court-ap-pointed evaluators subsequently submitted reports to the court stating their conclusions that Johnson was competent to stand trial.

¶ 5 On March 21, 1997, the district court held a status conference on the first and second cases. While the court acknowledged receipt of the competency evaluations during this hearing, it spent the majority of the hearing considering a motion to withdraw that had been filed by Johnson's attorney. It failed to allow Johnson to testify or to present or cross-examine witnesses regard-ing his competency, as required by Utah law.[4]

¶ 6 At the conclusion of the hearing, the district court granted counsel's motion to withdraw, but required that counsel serve in a standby capacity during the trial in the first case, which was scheduled for some three months later. The court made no for-mal findings regarding Johnson's competency and held no further hearings on the compe-tency issue.

¶ 7 Johnson did not appear at his trial in the first case, claiming that he was mentally incapacitated. In his absence, he was con-victed of one count each of possession and production of a narcotic and possession of a firearm by a restricted person. Johnson was similarly absent from his sentencing. Al-though the sentencing order indicates that Johnson had thirty days within which to ap-peal, it is unclear whether this information was conveyed to Johnson. Johnson failed to file a timely appeal of his conviction in the first case.[5]

¶ 8 Johnson was similarly convicted in the second case. He did, however, timely appeal that conviction. On appeal, Johnson asserted that the district court failed to follow the competency hearing procedures set forth in Utah Code section 62A–15–631(9)(b) through (9)(f).[6] The court of appeals agreed, revers-ing his conviction in the second case and remanding it for a new trial, contingent upon the district court determining Johnson's com-petency.[7]

¶ 9 In May 2001, Johnson filed a petition under the PCRA seeking relief from his con-viction in the first case. Johnson asserted that he was entitled to relief because of the flawed competency hearing, ineffective assis-

**2.** 2005 UT 61, 122 P.3d 628.

**3.** *See* Utah Code Ann. § 77–15–5(1) (1997).

**4.** *See id.* § 62A–15–631(9)(b) (2000) (requiring that a defendant whose competency is in ques-tion be provided "an opportunity to appear at [a competency] hearing, to testify, and to present and cross-examine witnesses").

**5.** *See* Utah R.App. P. 4(a).

**6.** *State v. Johnson*, 2000 UT App 127U, at *2–3, 2000 WL 33244180.

**7.** *Id.* at *5.

tance of counsel, and a denial of his right to appeal. In support of this last assertion, Johnson claimed that the Kane County jail staff poisoned him and that his resulting mental incapacitation prevented him from filing a timely appeal. Johnson acknowledged that he failed to file his PCRA petition within the one-year limitations period but urged the district court to find that the "interests of justice" excused that failure.[8]

¶ 10 Noting that Johnson had failed to file his PCRA petition within the one-year statute of limitations, the district court recognized the possibility of "extend[ing] the deadline in the interest of justice." But rather than pursuing that course, the district court opted to resentence Johnson nunc pro tunc, thereby reviving his right to file a direct appeal:

> Petitioner has asked that I exercise that discretion [to extend the limitations period] because, he says agents of the respondent prevented him from meeting the deadline. Assuming respondent denies this, the only way to resolve the dispute is to listen to witnesses testify about events.
>
> While this is a potential resolution, the cleaner and more effective method would be to resentence the defendant in the criminal case so that his right to appeal is renewed. The main issues that he raises in this case are issues that should have been raised in an appeal. I would like to provide him that opportunity, should he desire to avail himself of it.

¶ 11 The State filed an interlocutory appeal, and the court of appeals vacated the district court's resentencing order.[9] The court of appeals reasoned that the express language of the PCRA required that the district court make explicit findings regarding the applicability of the interests of justice exception before it could excuse a failure to file within the one-year limitations period.[10] Because the district court "failed to make the

findings required by the statute," the court of appeals concluded that the district court's resentencing order could not be affirmed.[11]

¶ 12 We granted certiorari to decide whether a district court may resentence a defendant nunc pro tunc without first determining whether that defendant complied with the limitations period of the PCRA or satisfied the interests of justice exception to that limitation.

## STANDARD OF REVIEW

■■ ¶ 13 "On certiorari, we review the decision of the court of appeals for correctness."[12] The court of appeals concluded that the district court was required to make explicit factual findings regarding the applicability of the interests of justice exception to the PCRA limitations period before it could resentence Johnson. This is a legal determination that we likewise review for correctness under a de novo standard.[13]

## ANALYSIS

¶ 14 We begin by addressing the question on which we granted certiorari—whether written factual findings are a prerequisite to application of the interests of justice exception under the PCRA. But our resolution of that question does not entirely resolve Johnson's claim because the district court ordered that Johnson be resentenced nunc pro tunc, thereby allowing him to proceed with a direct appeal and obviating the need for him to proceed under the PCRA. Prior to our recent decision in *Manning*, resentencing nunc pro tunc was an appropriate remedy for a defendant who had been unconstitutionally denied his right to appeal. Our opinion in *Manning* replaced nunc pro tunc resentencing with a new procedure for reinstating a defendant's

---

8. *See* Utah Code Ann. § 78–35a–107(3) (providing that a district court has discretion to "excuse a petitioner's failure to file within the time limitations" if "the interests of justice require").

9. *Johnson v. State*, 2004 UT App 108U, at *1, 2004 WL 796892.

10. *Id.* at *3–4.

11. *Id.* at *3–5.

12. *Manning v. State*, 2005 UT 61, ¶ 10, 122 P.3d 628.

13. *Adams v. State*, 2005 UT 62, ¶ 8, 123 P.3d 400.

right to appeal.[14] We therefore remand this case for consideration of whether Johnson qualifies for relief under that procedure.

## I. DISTRICT COURTS ARE REQUIRED TO MAKE FACTUAL FINDINGS JUSTIFYING APPLICATION OF THE INTERESTS OF JUSTICE EXCEPTION

¶ 15 To obtain relief under the PCRA, a petitioner must seek relief "within one year after the cause of action has accrued." [15] But if it "finds that the interests of justice require, a court may excuse a petitioner's failure to file within the time limitations." [16] Johnson contends that the PCRA does not require a district court to make specific findings regarding the limitations period or the interests of justice exception. We disagree.

■ ¶ 16 The PCRA contains an explicit bar to any petition that is not brought within one year of the cause of action accruing. But the limitations period is not absolute. It contains a safety valve providing the district court with discretion to excuse any untimely filing when the interests of justice so require. We have recognized that a district court presented with an untimely post-conviction petition must consider the interests of justice exception before disposing of the petition.[17] Conversely, a district court has no discretion to grant relief on an untimely PCRA petition if the "interests of justice" do not so require. In other words, where a defendant brings a petition for relief under the PCRA outside of the one-year limitations period, the district court may proceed on that petition only if it first determines that the interests of justice excuse the defendant's untimely filing.[18]

■ ¶ 17 We hold that factual findings supporting the application of the interests of justice exception are required. In other words, a district court may not grant relief on an untimely petition without identifying the interests of justice that excuse the untimely filing. This conclusion is dictated by the statutory language and supported by practical considerations.

¶ 18 We begin with the plain language of the PCRA. The relevant subsection states that "*[i]f the court finds* that the interests of justice require, a court may excuse a petitioner's" untimely filing.[19] It is clear that the first phrase acts as a modifier to the second. Thus, a court must make a specific finding before it may excuse an untimely filing.

¶ 19 Practical considerations are consistent with the statutory language. Requiring an explicit finding with respect to the applicability of the exception ensures the proper focus on the relevant legal standard and provides the parties with a concrete ruling upon which to base any subsequent appeals.

¶ 20 Our recent opinion in *Adams v. State*[20] thoroughly explains the factors a district court should consider when deciding whether to apply the interests of justice exception to a petitioner's late claim. In *Adams*, we clarified that a district court should analyze both the merits of the claim for relief and the reasons for the untimely filing.[21] The weight the district court should give to each of these factors will vary "according to the circumstances of [each] particular case." [22]

■ ¶ 21 In this case, the district court explicitly declined to make any findings regarding the applicability of the interests of justice exception because doing so would have required an evidentiary hearing. But holding an evidentiary hearing is precisely what a district court must do before it may allow a petitioner to proceed with an untimely filing under the PCRA. Indeed, once

---

14. *Manning*, 2005 UT 61, ¶ 11, 122 P.3d 628.

15. Utah Code Ann. § 78–35a–107(1) (2002).

16. *Id.* § 78–35a–107(3).

17. *See Adams*, 2005 UT 62, ¶ 15, 123 P.3d 400; *Frausto v. State*, 966 P.2d 849, 851 (Utah 1998); *Julian v. State*, 966 P.2d 249, 254 (Utah 1998).

18. Utah Code Ann. § 78–35a–107(3).

19. *Id.* (emphasis added).

20. 2005 UT 62, 123 P.3d 400.

21. *Id.* ¶ 16.

22. *Id.*

pleadings are closed, the court is required to "promptly set the proceeding for a hearing or otherwise dispose of the case."[23] Johnson argues that resentencing nunc pro tunc was a proper way to "otherwise dispose of the case." Since our decision in *Manning*, however, that assertion is invalid because resentencing nunc pro tunc is no longer an available option.[24]

¶ 22 While resentencing a defendant nunc pro tunc is no longer an available option, the district court's instincts in this case were sound. The district court resentenced Johnson nunc pro tunc as a "cleaner and more effective" alternative to a PCRA hearing. The district court reasoned that Johnson's claims should be raised in a direct appeal rather than in a post-conviction petition for relief. We agree. Relief under the PCRA is available only to a "person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies."[25] Thus, a defendant who has been denied his constitutional right to appeal should be afforded that right before being required to proceed under the PCRA.

 ¶ 23 Because Johnson asserts that he was denied his right to appeal, his proper course is to seek to have his right to appeal reinstated pursuant to the procedure we outlined in *Manning*.[26] As the proceedings on remand will be governed by our *Manning* decision, we briefly explain the *Manning* remedy.

## II. JOHNSON MAY ATTEMPT TO ESTABLISH THAT HE WAS DENIED HIS RIGHT TO APPEAL AS EXPLAINED IN *MANNING*

 ¶ 24 In *Manning*, we recognized that the nunc pro tunc resentencing remedy had been obviated by the advent of the PCRA and subsequent changes in the rules of procedure.[27] Accordingly, when a defendant has been unconstitutionally denied his right to an appeal he need not proceed under the PCRA, which is available after all other remedies have been exhausted. Rather, he should seek to have his right to appeal reinstated.[28] We stated:

> [U]pon a defendant's motion, the trial or sentencing court may reinstate the time frame for filing a direct appeal where the defendant can prove, based on facts in the record or determined through additional evidentiary hearings, that he has been unconstitutionally deprived, through no fault of his own, of his right to appeal.[29]

We then identified a nonexclusive list of circumstances, drawn from our prior case law, under which we had found an unconstitutional denial of a defendant's right to appeal.[30] Those circumstances were that

> (1) the defendant asked his or her attorney to file an appeal but the attorney, after agreeing to file, failed to do so; (2) the defendant diligently but futilely attempted to appeal within the statutory time frame without fault on [the] defendant's part; or (3) the court or the defendant's attorney failed to properly advise [the] defendant of the right to appeal.[31]

¶ 25 Johnson alleges that he was denied his right to appeal in the first case. On remand, the trial court should therefore conduct an evidentiary hearing where Johnson may present evidence to support that assertion.

¶ 26 Johnson has alleged a number of facts suggesting that he was denied that right. We noted in *Manning* that a defendant is denied his constitutional right to appeal if "the court or the defendant's attorney failed to properly advise [the] defendant of the right to appeal."[32] The limited record before us in this case indicates that

---

**23.** Utah R. Civ. P. 65C(j).

**24.** 2005 UT 61, 122 P.3d 628.

**25.** Utah Code Ann. § 78–35a–102(1) (2002).

**26.** 2005 UT 61, 122 P.3d 628.

**27.** *Id.* ¶ 25.

**28.** *Id.* ¶ 31.

**29.** *Id.*

**30.** *Id.*

**31.** *Id.* (citations omitted).

**32.** *Id.* (citing *State v. Hallett*, 856 P.2d 1060, 1061 (Utah 1993)).

Johnson was present for neither his trial nor his sentencing. And nothing in the record before us indicates whether Johnson was otherwise notified of his right to appeal. If neither the sentencing court nor Johnson's attorney informed Johnson of his right to appeal, then he will have a valid claim for reinstatement of that right.

¶ 27 Alternatively, Johnson asserts that he was denied his right to counsel because the district court failed to ensure that his waiver of counsel was knowing and intelligent as required by *State v. Heaton*.[33] Prior to trial, Johnson's attorney successfully moved to withdraw, and Johnson proceeded to trial with only standby counsel. This fact, in combination with Johnson's own absence at trial, may give rise to a claim for denial of the right to counsel or to a claim for ineffective assistance of counsel. Unfortunately, the record in these post-conviction proceedings reveals almost nothing regarding the district court's justification for proceeding to trial in Johnson's absence and precious little regarding the circumstances surrounding counsel's withdrawal.

¶ 28 Finally, Johnson asserts that he was mentally incapacitated during the time following his conviction and sentencing in the first case. He alleges that his incapacitation was a direct result of jail staff administering some form of poison to him and that he was thereby rendered unable to file his appeal. Resolving this claim will require an evidentiary hearing.

¶ 29 Because the record before us is incomplete, a remand is necessary. On remand, Johnson should be given an opportunity to prove that he was denied his constitutional right to appeal. If he is successful, Johnson will be entitled to reinstatement of his right to appeal as described in our *Manning* opinion.

¶ 30 Should the district court find that Johnson was not denied his right to appeal, his remedy would be to proceed with a petition for relief under the PCRA as he initially attempted to do. Because his petition was filed outside of the one-year limitations peri-od, the district court will be required to make specific findings if it excuses Johnson's untimely petition under the interests of justice exception to the limitations period. As we explained in *Adams*, if the district court finds that Johnson has meritorious claims and that he had a sufficient reason for his untimely filing, it may allow Johnson to proceed.[34]

## CONCLUSION

¶ 31 We affirm the judgment of the court of appeals vacating the district court's resentencing order and remanding the matter to the district court for further proceedings. On remand, the district court should first provide Johnson an opportunity to prove that he has been denied his right to appeal. If he does so, the court should reinstate his right to appeal his conviction in the first case pursuant to our *Manning* decision. If Johnson fails to establish that he was denied his right to appeal, the district court should consider his petition under the PCRA by first determining whether he has satisfied the interests of justice exception to the PCRA limitations period.

¶ 32 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.

---

33. 958 P.2d 911 (Utah 1998).

34. *Adams v. State,* 2005 UT 62, ¶¶ 16–17, 123 P.3d 400.