**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-5229**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUSTIN TAPP,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:06-cr-00157-CMH)

───────────

Submitted:  October 29, 2007      Decided:  November 21, 2007

───────────

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Bryan Saunders, Newport News, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Kelli H. Ferry, Assistant United States Attorney, Michael J. Frank, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Tapp was charged in a four-count indictment with: (1) conspiracy to distribute five grams or more of crack cocaine, 21 U.S.C. § 846 (2000) (Count One); (2) using or carrying a firearm during or in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007) (Count Two); (3) robbery affecting interstate commerce ("Hobbs Act"), 18 U.S.C. § 1951 (2000) (Count Three); and (4) using or carrying a firearm during a crime of violence, 18 U.S.C.A. § 924(c) (Count Four). He was convicted of all four counts following a bench trial and sentenced as follows: sixty months imprisonment on Count One; eighty-four months on Count Two, consecutive to Count One; sixty months on Count Three to run concurrently with Count One; and twenty-five years on Count Four to run consecutively to the sentences on Counts One and Two, for a total of thirty-seven years imprisonment.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but raising the following potential issues: (1) whether the evidence was sufficient to support Tapp's convictions; (2) whether the district court plainly erred at sentencing by failing to ascertain that Tapp and his attorney had reviewed the presentence report and by failing to advise Tapp of his right to appeal; (3) whether there was sufficient nexus with interstate commerce to establish federal jurisdiction; and (4)

whether consecutive sentences under § 924(c) violate the Double Jeopardy clause. Tapp has filed a pro se supplemental brief also challenging the sufficiency of the evidence. We affirm.

The evidence presented at Tapp's trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. Tapp met Robert Leggat in early September 2005 in Fairfax County, Virginia. On September 13, Leggat invited Tapp to his friend Colleen McCartney's house--also in Fairfax--for a party. Tapp brought crack cocaine to the party that he had obtained earlier that day from Chase Wilson and "Suave" in Washington, D.C. Over the next few days, Tapp returned to D.C. at least twice to obtain more crack from Wilson and "Suave" which he, in turn, supplied to McCartney and Leggat.

On September 17, Tapp returned to D.C. to obtain more crack from Wilson and Suave. However, Wilson and Suave became upset because Tapp had yet to pay for the crack cocaine they had supplied to him and they demanded to know to whom Tapp had distributed the crack. The three--Tapp, Wilson, and Suave--then drove to McCartney's home in Fairfax, hoping to collect the money that she owed to Tapp. When they arrived at her home, they found Robert McGhee in one of the bedrooms. While either Wilson or Suave held a gun to McGhee's head, Tapp used a knife to cut McGhee's hair and scalp, ultimately taking a small amount of cash and crack

cocaine from him. We find that this evidence was sufficient to support Tapp's convictions as to all counts.

Next, counsel questions whether the district court plainly erred in failing to advise Tapp of his right to appeal and in failing to ascertain that he and his attorney had reviewed the presentence report, as required by Fed. R. Crim. P. 32. Any failure by the district court to advise Tapp of his right to appeal is clearly harmless as his attorney timely filed a notice of appeal. See Peguero v. United States, 526 U.S. 23 (1999) (holding that a defendant who had independent knowledge of his right to appeal was not prejudiced by a court's failure to advise him of that right).

Rule 32(i)(1)(A), Fed. R. Crim. P., requires the district court to determine that the defendant and counsel have read and discussed the presentence report prior to sentencing. See United States v. Miller, 849 F.2d 896, 897-98 (4th Cir. 1988). This court has not imposed upon district courts a "particular methodology for compliance with Rule [32(i)(1)(A)]." United States v. McManus, 23 F.3d 878, 884 (4th Cir. 1994). Thus, the court need not expressly ask whether the report has been read and discussed, as long as it can be inferred from the record that the required discussion has occurred. United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995). Although the district court did not expressly ascertain at sentencing that Tapp had reviewed the presentence report with his

attorney, it is clear from the transcript of the proceedings that Tapp and his attorney had in fact reviewed--and discussed--the presentence report. Therefore, the district court did not clearly err in failing to specifically ascertain that Tapp had reviewed the presentence report with his attorney.

Tapp also argues that the theft of a relatively small quantity of crack cocaine and cash that was taken from McGhee, "can not be reasonably said to have an effect on commerce." Because we have held that the Hobbs Act interstate commerce element is "satisfied even where the effect on interstate commerce is indirect, minimal, and less than certain," United States v. Buffey, 899 F.2d 1402, 1404 (4th Cir. 1990), this claim fails as well.

Finally, counsel addresses whether the consecutive sentences imposed with respect to Counts Two and Four violate the prohibition against double jeopardy because the same gun was used in both offenses, which took place simultaneously. However, we have specifically held that "multiple, consecutive sentences under section 924(c)(1) are appropriate whenever there have been multiple, separate acts of firearm use or carriage, even when all of those acts related to a single, predicate offense." United States v. Camps, 32 F.3d 102, 106 (4th Cir. 1994). Accordingly, this claim is without merit.

We have reviewed the claims addressed in Tapp's pro se supplemental brief and find them to be without merit. In

accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Tapp's conviction and sentence.  This court requires that counsel inform Tapp, in writing, of the right to petition the Supreme Court of the United States for further review.  If Tapp requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Tapp.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>