2011 UT App 99

**In the interest of C.C., a person under eighteen years of age.**

**A.C., Appellant,**

v.

**R.C. and C.C., Appellees.**

No. 20100201–CA.

Court of Appeals of Utah.

March 24, 2011.

David R. Boyer, Provo, for Appellant.

Ronald D. Wilkinson, Orem, for Appellees.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges VOROS, ROTH, and CHRISTIANSEN.

MEMORANDUM DECISION

ROTH, Judge:

¶ 1 Respondent A.C. (Mother) appeals the termination of her parental rights in her daughter, C.C. (Child), alleging that she was denied the statutory right to counsel provided to her by Utah Code section 78A–6–1111(1)(a), *see* Utah Code Ann. § 78A–6–1111(1)(a) (Supp.2010). We affirm.

¶ 2 Parties to a parental termination proceeding are guaranteed a statutory right to counsel. *See id.* ("The parents, guardian, custodian, and the minor, if competent, shall be informed that they have the right to be represented by counsel at every stage of the proceedings."); *In re A.E.*, 2001 UT App 202, ¶ 10, 29 P.3d 31 ("The Utah Legislature has created a statutory right to counsel in [parental] termination proceedings . . . ." (citing Utah Code Ann. § 78–3a–913(1)(a) (Supp. 2000) (currently renumbered as Utah Code Ann. § 78A–6–1111(1)(a) (Supp.2010)))). This statutory right to counsel may be waived "as long as the record as a whole reflects the [party's] reasonable understanding of the proceedings and awareness of the right to counsel." *In re A.E.*, 2001 UT App 202, ¶¶ 12–13, 29 P.3d 31 (internal quotation marks omitted) (concluding that a father waived his statutory right to counsel where the father "chose not to communicate with his attorney" prior to the termination hearing and "had a reasonable understanding of the proceedings" due to having been represented by counsel throughout most of the termination proceedings); *see also In re E.C.*, 2008 UT App 347U, para. 3, 2008 WL 4371507 (mem.) (per curiam) (concluding that a father had waived his statutory right to counsel where during the termination proceedings he had been advised of his right to counsel and had been advised of how he could obtain counsel prior to the termination hearing but nonetheless "fail[ed] to make any effort to obtain appointed counsel prior to the time of trial").[1]

---

1. Distinguishable from the statutory right to counsel at issue here, in the context of criminal law a defendant is guaranteed representation by counsel under the United States Constitution.

¶3 During the termination proceedings at issue here, Mother was represented by retained counsel. About two months before the termination hearing, however, counsel withdrew based on his and Mother's mutual request. On approving the withdrawal of Mother's counsel, the court advised her that if she wished to be represented by counsel at the termination hearing she was obligated to retain another attorney. The court further informed Mother that it would not continue the date of the termination hearing, so if she wished to be represented by counsel, she would have to retain new counsel quickly. Mother, however, stated that she would rather represent herself. Thereafter, she made no effort to obtain new counsel, nor did she request that the court appoint counsel to represent her.

¶4 The day before the termination hearing, the court inquired whether Mother would like to meet with an attorney who was then available to meet with her and potentially represent her in the termination hearing as her appointed counsel. The court—despite its earlier stance that it would not continue the termination hearing—even offered to grant a thirty-day continuance should Mother decide that she wanted the court to appoint the attorney to represent her. After meeting with the attorney, Mother maintained her original position, deciding that she did not want to be represented by the attorney and that she did not want to continue the termination hearing.

¶5 On the day of the termination hearing, the court asked Mother if she would like to have the same attorney she had met with the previous day present during the termination hearing to "just sit in here and answer questions" for her. Mother responded that she would. The court indicated that it did not know whether the attorney was actually available that morning, saying, "If he can, fine; and if he can't, you know, I can't worry

about it, because you chose at that time not to be represented by an attorney." The court attempted to contact the attorney but was unable to reach him. The court then began the termination hearing. Mother stated her appearance by giving her name and stating, "I'm representing myself." The court then confirmed that Mother wished to proceed without counsel:

> THE COURT: And [Mother], you have waived your right to an attorney, right?
> [MOTHER]: Yes.
> THE COURT: In fact, we offered last night to continue this matter and to appoint an attorney for you and you actually met ... [with an attorney], who would be representing you, and determined that you did not want to be represented by him and you did not want to continue the matter; is that right?
> [MOTHER]: Yes.

The termination hearing then proceeded with Mother representing herself. Throughout the proceeding, she examined witnesses, cross-examined witnesses, and gave testimony regarding why her parental rights should not be terminated.

¶6 The record as a whole reflects that Mother reasonably understood both the parental termination proceedings and her right to counsel. *See generally In re A.E.*, 2001 UT App 202, ¶12, 29 P.3d 31. At the termination hearing, the juvenile court explained the purpose of the hearing to Mother and even provided her with a copy of the relevant statute and explained how her arguments could be characterized to contest the termination of her parental rights. Mother's understanding of the termination proceedings is also evidenced by her own statements made throughout the termination hearing—not only in her examination of the witnesses but in her own testimony as well. Moreover, Mother was clearly aware of her right to counsel: not only had she previously been

See *In re A.E.*, 2001 UT App 202, ¶¶9, 11, 29 P.3d 31. The waiver of that right to counsel "must be shown to have been made knowingly, intelligently, and voluntarily." *Id.* ¶11. It cannot be said, however, "'that the Constitution requires the appointment of counsel in every parental termination proceeding,'" *id.* ¶9 (quoting *Lassiter v. Department of Soc. Servs.*, 452 U.S.

18, 31, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)), and Utah courts have rejected the "knowingly, intelligently, and voluntarily" test for waiver of a statutory right to counsel, requiring instead that the waiver be made with "reasonable understanding of the proceedings and awareness of the right to counsel," *id.* ¶¶11–12.

represented by counsel during the termination proceedings, but she also consistently declined offers to be represented by counsel at the termination hearing on multiple occasions and affirmatively asserted and exercised her right to represent herself.

¶ 7 Mother now argues that her acceptance of the court's offer to have an attorney sit next to her and answer questions for her during the termination hearing amounted to a withdrawal of her waiver and a request to have counsel appointed. We disagree. Mother's acceptance of an offer to receive the assistance of stand-by counsel [2]—an offer based on the contingency that the attorney be available—cannot fairly be characterized as a withdrawal of her previous unequivocal waiver of counsel, especially in light of the fact that Mother subsequently reaffirmed her waiver of counsel and reasserted her right to represent herself once it was determined that the attorney was not available.

¶ 8 We therefore conclude that Mother waived her statutory right to counsel and affirm.

¶ 9 WE CONCUR: J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN, Judges.

---

2. Stand-by counsel is an attorney who is available to provide assistance throughout a trial or hearing. *See State v. Tenney*, 913 P.2d 750, 754 (Utah Ct.App.1996). The presence of stand-by counsel, however, does not alter a party's pro se status. *See State v. Johnson*, 2000 UT App 127U, para. 1, 2000 WL 33244180 (mem.) (concluding that despite the fact that the defendant had the assistance of stand-by counsel, he nonetheless acted pro se and could not assert a claim of ineffective assistance of counsel on appeal (citing *State v. Frampton*, 737 P.2d 183, 189 (Utah 1987))), *aff'd*, 2006 UT 21, 134 P.3d 1133.