**2013 UT App 42**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

ROBERT COLLINS,

*Defendant and Appellant.*

Opinion
No. 20110164-CA
Filed February 22, 2013

Third District, Salt Lake Department
The Honorable Judith S.H. Atherton
No. 051905843

Samuel P. Newton, Attorney for Appellant
John E. Swallow and John J. Nielsen,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion,
in which JUDGES WILLIAM A. THORNE JR.
and CAROLYN B. MCHUGH concurred.

VOROS, Judge:

¶1      Robert Collins was convicted of murder and two counts of aggravated robbery, first degree felonies, committed when he was nineteen years old. Collins did not timely appeal the convictions but later sought reinstatement of the time to appeal, arguing that he was unconstitutionally deprived of his right to appeal. The trial court denied that motion, and Collins appeals the denial. We reverse and remand.

BACKGROUND

¶2    Collins was sentenced on January 5, 2007. At sentencing, the trial court did not advise Collins of his right to appeal. *See generally* Utah R. Crim. P. 22(c)(1). But Collins's defense counsel advised Collins, first after the jury returned a guilty verdict and again at sentencing, that he had a right to appeal. Defense counsel encouraged Collins to appeal and even identified "appealable issues," such as erroneous jury instructions. However, defense counsel did not tell Collins that a notice of appeal must be filed within thirty days after sentencing.

¶3    Collins twice told his attorney that he did not want to appeal. At sentencing, defense counsel told Collins, "If you change your mind you have to let me know within two weeks."[1] Collins did not appeal within the thirty-day time frame required by the Utah Rules of Appellate Procedure. *See generally* Utah R. App. P. 4(a).

¶4    Over two years later, Collins sent a letter to the court stating that defense counsel had agreed to file an appeal and asking for a status report on the appeal. Defense counsel responded with a two-sentence letter stating, "There is no appeal. You didn't request one." Collins then moved the trial court to reinstate his time to appeal. *See generally* Utah R. App. P. 4(f); *Manning v. State*, 2005 UT 61, 122 P.3d 628. After an evidentiary hearing, the trial court denied the motion, ruling that Collins had not been deprived of his right to appeal, because defense counsel "properly advised" Collins of his right to appeal. Collins timely appealed this ruling.

ISSUE AND STANDARD OF REVIEW

¶5    Because Collins limits his challenge to the trial court's ultimate conclusion that he was not deprived of his right to appeal,

---

1. Collins presented a different version of events to the trial court. But Collins does not challenge the court's factual findings, so we have presented the facts as found by the trial court.

we accept the trial court's findings of fact and review its legal conclusions for correctness. *See State v. Kabor*, 2013 UT App 12, ¶ 8, — P.3d —.

ANALYSIS

¶6     A criminal defendant's right to appeal is guaranteed by the Utah Constitution, which states, "In criminal prosecutions the accused shall have . . . the right to appeal in all cases." Utah Const. art. I, § 12. "Article I, section 12's guarantee of the right of criminal defendants to appeal occupies a place within the Constitution's Declaration of Rights, the repository of our citizens' most prized liberties." *State v. Lara*, 2005 UT 70, ¶ 21, 124 P.3d 243. The Utah Supreme Court has stated that "the right of appeal [is] essential to a fair criminal proceeding" and cannot be "lightly forfeited." *State v. Tuttle*, 713 P.2d 703, 704 (Utah 1985). The importance of an appeal in criminal cases is demonstrated by our statute providing that a "judgment of conviction and sentence of death is subject to automatic review by the Utah State Supreme Court," Utah Code Ann. § 76-3-206(2)(a) (LexisNexis 2012). In fact, a conviction for capital murder and sentence of death will be examined on appeal even if the defendant, convinced that death is the appropriate penalty, prefers not to appeal. *See State v. Arguelles*, 2003 UT 1, ¶ 1, 63 P.3d 731.

¶7     Nevertheless, like all procedural constitutional rights, the right to appeal from a criminal conviction is subject to limitations. Among these is the jurisdictional requirement that the notice of appeal be filed within thirty days. *State v. Bowers*, 2002 UT 100, ¶ 5, 57 P.3d 1065. However, this deadline has long been subject to a safety valve. *See State v. Johnson*, 635 P.2d 36, 38 (Utah 1981), *superseded by rule and statute as stated in Manning v. State*, 2005 UT 61, ¶ 11, 122 P.3d 628. As our supreme court stated in *Manning v. State*, 2005 UT 61, 122 P.3d 628, "[v]irtually all jurisdictions provide some procedural mechanism for restoring a denied right to appeal, and we have a particular interest in doing so because of our constitutional mandate to provide a criminal appeal 'in all cases.'" *Id.* ¶ 26 (quoting Utah Const. art. I, § 12). And currently, under

*Manning* and the Utah Rules of Appellate Procedure, a defendant is entitled to have the trial court reinstate the thirty-day time frame for filing an appeal where the defendant can prove by a preponderance of the evidence "that he has been unconstitutionally deprived, through no fault of his own, of his right to appeal." *Id.* ¶¶ 31–32; *see also* Utah R. App. P. 4(f). To do so, the defendant must overcome the presumption that failure to file a notice of appeal within the thirty-day limit was a knowing and voluntary waiver of the right to appeal. *Manning*, 2005 UT 61, ¶¶ 1, 42; *see also Kabor*, 2013 UT App 12, ¶ 11.

¶8      In *Manning*, the supreme court identified at least three scenarios that would overcome the presumption of waiver and constitute an unconstitutional deprivation of the right to appeal. Among the scenarios identified were situations where "the court and the defendant's attorney" "failed to properly advise defendant of the right to appeal." *Manning*, 2005 UT 61, ¶¶ 31, 40. The court later explained in *Johnson v. State*, 2006 UT 21, 134 P.3d 1133, "If neither the sentencing court nor [the defendant's] attorney informed [the defendant] of his right to appeal, then he will have a valid claim for reinstatement of that right." *Id.* ¶ 26.

¶9      Here, the trial court did not advise Collins of his right to appeal. But this omission does not require reinstatement of the time to appeal if defense counsel properly advised Collins of his rights. *See Kabor*, 2013 UT App 12, ¶¶ 14–17. Collins's attorney advised Collins of his right to appeal, but not the deadline after which any appeal would be untimely. The Utah Rules of Criminal Procedure state, "Following imposition of sentence, the court shall advise the defendant of defendant's right to appeal and the time within which any appeal shall be filed." Utah R. Crim. P. 22(c)(1). We therefore conclude that properly advising a defendant of his right to appeal includes advising him of the time within which an appeal must be filed. Accordingly, neither the sentencing court nor Collins's attorney properly informed Collins of his right to appeal. Consequently, under *Manning* and *Johnson v. State*, Collins has "a valid claim for reinstatement of that right," *Johnson v. State*, 2006 UT 21, ¶ 26.

¶10    The State maintains, however, that *Manning* error is subject to review for harmless error or prejudice. The State further argues that however flawed counsel's advice to Collins may have been, it did not cause Collins to forego his right to an appeal: "Defendant never claimed that he relied on the two-week time frame in failing to file a timely appeal"; he "has never asserted that two weeks passed and that he gave up on appealing because he relied on [defense counsel's] advice."[2]

¶11    Many cases from other states do hold that a trial court's failure to properly advise a defendant of his appeal rights is subject to a harmless error analysis. However, the large majority of these cases do so because, unlike Collins, the defendant either appealed anyway or learned of those rights from another source. *See, e.g., Tanner v. State*, 624 So. 2d 703, 706 (Ala. Crim. App. 1993) ("[B]ecause the appellant has in fact appealed his convictions and has not suffered any prejudice whatsoever, the error in the failure of the trial court to advise the appellant of his right to appeal is harmless."); *Castro v. Superior Court*, 40 Cal. App. 3d 614, 621–22 & n.13 (1974) (limiting permission to file a belated appeal to situations where court and counsel failed to inform defendant of "something he did not already know"); *Wakily v. State*, 483 S.E.2d 313, 318 (Ga. Ct. App. 1997) (noting that defendant could not show harm in the trial court's alleged failure to advise him of his right to appeal because "[i]mmediately after sentencing, appointed trial counsel informed the court that [the defendant] desired to appeal," and the court "immediately appointed appellate counsel"); *State v. Dafoe*, 463 A.2d 770, 773 (Me. 1983) ("[B]ecause he was subsequently permitted to perfect direct appeals in both cases, Dafoe was not prejudiced by either counsel's or the court's failure to advise him of the right to appeal."); *People v. Grant*, No. 237899, 2003 WL 21108468, at *4 (Mich. Ct. App. May 15, 2003) (noting that court's failure to advise defendant would be harmless where defendant appeals anyway); *Novak v. State*, 787 S.W.2d 791, 794 (Mo. Ct. App. 1990) ("[A]ppellant was advised by his attorney of his right to

---

2. On the contrary, Collins testified that he directed his attorney to file an appeal, although the trial court did not find this testimony to be credible.

appeal his kidnapping sentence. . . . Likewise, the appellant testified that he had been convicted of crimes prior to 1982 in which an appeal was taken on his behalf by the public defender's office."); *State v. Fox*, 2011-Ohio-2751, ¶ 8 (Ohio Ct. App.) ("Fox was not harmed by the trial court's failure to mention the right to a second appeal, a right Fox probably was aware of anyway."). *See also Crowe v. State*, 649 P.2d 2, 2 (Utah 1982) (per curiam) (stating in the pre-*Manning* context that the court's failure to inform defendant of his right to appeal at sentencing was harmless where the trial court "clearly told the plaintiff at the trial and after the verdict, that he had a right of appeal").

¶12    The State cites *Peguero v. United States*, 526 U.S. 23 (1999) for the proposition that a district court's failure to advise a defendant of his right to appeal entitles that defendant to relief only if he demonstrates prejudice. But the omission in *Peguero* was deemed harmless because Peguero "had independent knowledge of the right to appeal and so was not prejudiced by the trial court's omission." *Id.* at 29–30. Subsequent federal decisions finding a lack of prejudice typically do so based on the defendant's having learned of his rights from another source or having in fact appealed. *See, e.g., United States v. Tapp*, 276 F. App'x 258, 260 (4th Cir. 2007) (per curiam) ("Any failure by the district court to advise Tapp of his right to appeal is clearly harmless as his attorney timely filed a notice of appeal."); *Fleming v. Secretary, Dep't of Corr.*, 231 F. App'x 932, 935 (11th Cir. 2007) (per curiam) ("[B]ecause the plea agreement advised Fleming of his right to appeal, Fleming failed to demonstrate prejudice from the state trial court's failure to inform him of his right to appeal."); *United States v. Price*, 71 F. App'x 567, 568 (6th Cir. 2003) (holding that although "the district court failed to advise Price of his right to appeal," "Price's timely notice of appeal rendered the error harmless"); *United States v. Berry*, 4 F. App'x 159, 160 (4th Cir. 2001) (per curiam) (remanding for a prejudice hearing where "the record [was] void of any evidence demonstrating that Berry was aware of his right to seek leave to proceed on appeal in forma pauperis"); *Soto v. United States*, 185 F.3d 48, 50 (2d Cir. 1999) ("We hold further that the government bears the burden of establishing harmlessness by showing through clear and convincing evidence that the defendant

either actually exercised this right, waived this right, or had independent knowledge of this right.").

¶13    But the test urged by the State requires more of a defendant than proving he was uninformed of his appeal rights; it would in addition require the defendant to prove that but for his lack of information he would have filed an appeal. This is the rule in Kansas. Kansas is significant in this context, because the *Manning* court found the Kansas approach useful in devising the Utah procedure. *See Manning v. State*, 2005 UT 61, ¶ 29, 122 P.3d 628 (citing *State v. Ortiz*, 640 P.2d 1255, 1257 (Kan. 1982)). Under Kansas law, a defendant must prove both that he was not informed, and "that, had he or she been properly informed, a timely appeal would have been sought." *See State v. Patton*, 195 P.3d 753, 767 (Kan. 2008). But even in Kansas this rule is apparently applied with some leniency. For example, the Kansas Court of Appeals ruled that evidence that a defendant asked his attorney about whether he should file an appeal, admitted that he did not ask her to file an appeal at that time, but later sent a letter to his former lawyer asking him to file an appeal "appears to be sufficient . . . to establish that had [the defendant] been properly informed, he would have sought a timely appeal." *State v. Barnett*, No. 98,904, 2009 WL 77887, at *4 (Kan. Ct. App. Jan. 9, 2009) (per curiam).[3]

---

3. Prejudice is thus a matter of degree. One could go even further than Kansas has gone and than the State would have us go, and require a defendant to prove not only that he was uninformed of his appeal rights, and that but for his lack of information he would have filed an appeal, but also that the appeal would have had merit. *But see Peguero*, 526 U.S. at 30 (O'Connor, J., with three justices joining, concurring) ("In my opinion, there is no reason why a defendant should have to demonstrate that he had meritorious grounds for an appeal when he is attempting to show that he was harmed by the district court's error."). This is, in fact, the test employed when a petitioner seeks the "extraordinary remedy" of post-conviction relief on the ground that he was prejudiced by his appellate counsel's deficient performance. *See Lucero v. Kennard*, 2005 UT 79, ¶ 36, 125 P.3d 917 (describing post-

(continued...)

¶14    Although the Utah Supreme Court did not explicitly address the question of prejudice in *Manning* and *Johnson v. State*, the rationale of those cases is most consistent with the majority view, which does not attempt to determine what a defendant would have done had he been fully informed of his appeal rights. This approach is also consonant with our supreme court's decision in *State v. Alexander*, 2012 UT 27, 279 P.3d 371. There, the court rejected the argument that a defendant seeking to withdraw a guilty plea must show that any error in the plea colloquy was prejudicial in the sense that "but for" the error he would not have pleaded guilty. *Id.* ¶ 38. The court's holding rests in part on the difficulty of evaluating whether an uninformed defendant would, had he or she been informed, nevertheless have pleaded guilty. *Id.* ¶ 48. Although one justice concurred separately and one justice concurred in part and dissented in part, the court was unanimous on this point.

¶15    Accordingly, we hold that a defendant who has not been properly informed by either court or counsel of his appeal rights, including the time within which the notice of appeal must be filed, is entitled to reinstatement of the appeal time under *Manning*. Such a defendant is not required to show in addition that, had he been informed of his rights, he would have appealed.

¶16    We reverse and remand for reinstatement of the thirty-day period for filing a direct appeal.

————————

3. (...continued)
conviction relief as an "extraordinary remedy"); *Carter v. Galetka*, 2001 UT 96, ¶¶ 48, 51, 44 P.3d 626 (adopting Tenth Circuit's "dead-bang winner" rule and rejecting a claim of ineffective assistance of counsel on the ground that the claim omitted by appellate counsel was not "likely to result in reversal on appeal" (citing *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995))).