**2015 UT App 108**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
MICHAEL ROBLES-VASQUEZ,
Defendant and Appellant.

Memorandum Decision
No. 20130944-CA
Filed April 30, 2015

Third District Court, West Jordan Department
The Honorable Terry L. Christiansen
No. 081402085

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and STEPHEN L. ROTH
concurred.

PEARCE, Judge:

¶1 Defendant Michael Robles-Vasquez[1] appeals from the
denial of his motion to reinstate his time to file a direct appeal,
arguing that the district court's findings were inadequate. He
also argues that his appeal period should be reinstated because
his trial counsel's failure to file a timely appeal deprived him of

---

1. Defendant's last name is spelled in the record as both Robles-
Vasquez and Robles-Vazquez. At the beginning of his motion-
hearing testimony, Defendant spelled his name a third way:
Robles-Vazqez. We employ the spelling under which his appeal
filed and under which he was sentenced.

his constitutional right to effective assistance of counsel. We affirm.

¶2    Defendant pleaded guilty to one count of attempted rape and one count of attempted forcible sodomy. On April 21, 2010, the district court sentenced him to two consecutive prison terms of three years to life. Defendant claims that immediately after he was sentenced, he informed his trial counsel that he wanted to "appeal the sentence" and that trial counsel agreed to "look in on that." An appeal must generally be filed within thirty days. Utah R. App. P. 4(a).

¶3    Defendant was then transported to prison. It is undisputed that he was not allowed to contact, or be contacted, by anyone outside the prison for approximately forty-five days. According to Defendant, he wrote to his trial counsel two or three months after sentencing. Trial counsel responded that he no longer worked at the public defender's office, that he had moved on to private practice, and that he wished Defendant luck.

¶4    Defendant took no further action to pursue an appeal for almost three years. On May 17, 2013, Defendant filed a pro se motion to reinstate his appeal period. The district court appointed new counsel for Defendant and held a hearing at which Defendant testified. The district court found, "It seems disingenuous to believe that if [Defendant] wanted to pursue an appeal, that he would've waited over three years." The court then denied Defendant's motion.

¶5    A district court may reinstate the thirty-day period for filing a direct appeal if it finds that a defendant "has been unconstitutionally deprived, through no fault of his own, of his right to appeal." *Manning v. State*, 2005 UT 61, ¶ 31, 122 P.3d 628. Circumstances permitting the reinstatement of an appeal period include:

> (1) the defendant asked his or her attorney to file an appeal but the attorney, after agreeing to file, failed to do so; (2) the defendant diligently but futilely attempted to appeal within the statutory time frame without fault on defendant's part; or (3) the court or the defendant's attorney failed to properly advise defendant of the right to appeal.

*Id.* (citations omitted); *see id.* ¶ 31 n.11 (noting that this list is not exclusive); *see also* Utah R. App. P. 4(f). Because Defendant's challenge is limited to whether the district court made adequate findings, we review for correctness the district court's decision to deny Defendant's motion. *See State v. Collins*, 2013 UT App 42, ¶ 5, 298 P.3d 70, *rev'd on other grounds*, 2014 UT 61, 342 P.3d 789; *see also State v. Kabor*, 2013 UT App 12, ¶ 8, 295 P.3d 193.

¶6      At the district court hearing, Defendant asserted (1) that he had requested that his trial counsel file an appeal but trial counsel failed to do so and (2) that Defendant "diligently, but futilely[,] attempted to appeal within the deadline." He now argues that the district court "never made findings or assessed [Defendant's] credibility on these particular issues." This is a challenge to the adequacy of the district court's findings.

¶7      "Where factual issues are involved in determining a motion, the court shall state its findings on the record." Utah R. Crim. P. 12(e). Here, the district court stated, "It seems disingenuous to believe that if [Defendant] wanted to pursue an appeal, that he would've waited over three years to pursue the appeal." The district court further stated, "If he had a conversation with [his trial counsel] on the day of the sentencing, I understand that there was a period of time that he was in detention to the point that he could not communicate in writing or by phone, but certainly it would not take three years." These findings directly address Defendant's credibility about his claim that, during the thirty-day period, he wanted to file an appeal.

¶8      It is true that the district court did not explicitly find that Defendant had not asked his trial counsel to file an appeal. Nor did the district court explicitly find that Defendant had not diligently but futilely attempted to appeal during the statutory time frame. However, the district court's written findings, which mirrored its oral findings, did address those questions. By stating, "If [Defendant] had a conversation with [counsel] on the day of sentencing, . . . it certainly would not take three years," the district court implicitly rejected the claim that Defendant actually asked his counsel to file an appeal. Similarly, the finding that it "seems disingenuous to believe that if [Defendant] wanted to file an appeal, that he would have waited over three years to pursue the appeal" constitutes a finding that Defendant did not diligently and actively attempt to appeal.

¶9      Undoubtedly, the district court could have been more explicit in its findings.[2] But our supreme court has explained that a district court's failure to make explicit findings does not automatically require a remand for more precise findings. If the basis for the ruling is apparent from the record, this court may affirm. *See State v. Ruiz*, 2012 UT 29, ¶ 24, 282 P.3d 998 ("Although we have consistently encouraged trial judges to give reasons on the record for discretionary rulings, we have held that failure to do so does not, alone, constitute an abuse of discretion and does not warrant reversal. This is particularly true where the basis for a judge's discretionary ruling is apparent on the record."); *see also State v. Pecht*, 2002 UT 41, ¶ 34, 48 P.3d 931 ("While we strongly recommend that trial courts enter written findings, we hold that where the record as a whole sufficiently [supports a district court's ruling], an absence of written findings will not invalidate the trial court's conclusions.").

---

2. More precise findings would likely have obviated the need to litigate this issue on appeal.

¶10 We conclude that the district court entered findings about Defendant's credibility and that those findings were adequate to address the issues before the district court.

¶11 Defendant also contends that his time to appeal should be reinstated because his trial counsel's performance during the 2010 plea and sentencing proceedings amounted to constitutionally ineffective assistance of counsel.[3] "To succeed on a claim of ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that the defendant was prejudiced thereby." *State v. Hards*, 2015 UT App 42, ¶ 18, 345 P.3d 769 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Because both deficient performance and resulting prejudice are requisite elements of an ineffective assistance of counsel claim, a failure to prove either element defeats the claim." *Id.* (citing *Strickland*, 466 U.S. at 697).

¶12 Specifically, Defendant argues that his trial counsel performed deficiently by failing to file an appeal on his behalf. He notes that the United States Supreme Court "has 'long held' that 'a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable' and mandates a new appeal." (Quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).) This contention presupposes that Defendant asked his trial counsel to file an appeal.

¶13 The district court did not explicitly find that Defendant had not in fact asked his trial counsel to file an appeal. However, as we have explained, by finding Defendant's testimony to be disingenuous, the district court implicitly found that Defendant

---

3. Defendant was represented by new counsel at the 2013 hearing on his motion to reinstate the appeal period. On appeal, he is represented by a third attorney.

did not ask his counsel to file an appeal within the permitted time. Because Defendant has not shown error in either the express or implied findings, we accept the district court's implied finding that Defendant did not ask his trial counsel to file an appeal. And because Defendant did not actually make such a request, Defendant cannot demonstrate that his trial counsel performed deficiently by failing to file an unrequested appeal.

¶14    We conclude that Defendant's ineffective assistance of counsel claim fails because he has not shown that his trial counsel performed deficiently. *See Hards*, 2015 UT App 42, ¶ 18.

¶15    Affirmed.

———————