[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11387
Non-Argument Calendar

_____

D.C. Docket Nos. 1:11-cv-04431-ODE,
1:09-cr-0191-ODE-ECS-4

SANTIAGO MEDINA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 14, 2015)

Before WILSON, WILLIAM PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Santiago Medina, a federal prisoner proceeding pro se, appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. In proceedings below, Medina pled guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846. The plea agreement by which Medina's guilty plea was entered included a waiver of Medina's right to appeal his conviction and sentence and to collaterally attack his conviction and sentence in a post-conviction proceeding (including motions filed pursuant to § 2255). The district court found that Medina entered into the plea agreement knowingly and voluntarily and, as such, Medina's § 2255 claims were barred.

In its denial of Medina's § 2255 motion, the district court determined that Medina had not met the requirements for issuance of a certificate of appealability (COA). Medina moved this Court for a COA in order to appeal the district court's decision. *See* 28 U.S.C. § 2253(c)(2). This Court granted Medina's COA motion on the following ground only: whether the district court erred in finding that Medina's collateral attack waiver, contained in his plea agreement, was valid. Accordingly, that is the sole issue on appeal. *See Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998) ("[T]he plain import of 28 U.S.C. § 2253(c)(3) requires that the scope of review in a habeas appeal be limited to issues specified in

2

the COA.").  After review of the parties' briefs and the record on appeal, we affirm.

## I.

In October 2010, Medina pled guilty to conspiracy to possess with intent to distribute cocaine.[1]  Medina's plea agreement contained a "limited waiver of appeal," which provided, in relevant part, that Medina "voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including . . . motions filed pursuant to 28 U.S.C. § 2255)."  Medina also signed a separate acknowledgement verifying that he had read the plea agreement, had reviewed each part thereof with his attorney, and fully understood and agreed to its terms.  In particular, the acknowledgement provided that Medina "underst[ood] that the appeal waiver . . . [would] prevent [him], with the narrow exceptions stated, from appealing [his] conviction and sentence or challenging [his] conviction and sentence in any post-conviction proceeding."

At Medina's plea hearing, the district court conducted a colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  The district court informed Medina that he had the right to plead not guilty and proceed to trial and that he

---

[1] Medina first tendered a plea of guilty in March 2010.  The March 2010 plea agreement capped Medina's imprisonment at 168 months.  At a July 2010 sentencing hearing, the district court calculated an advisory guideline range of 262 to 327 months' imprisonment.  Because the guideline range was significantly higher than the maximum sentence provided for by the March 2010 plea agreement, the district court declined to accept the plea agreement.

would waive these rights if the guilty plea was accepted; Medina indicated that he understood. As to the appeal waiver, the district court stated:

> I want to point out to you that your plea agreement contains a partial waiver of appeal rights. Specifically, it says that you would be able to appeal your sentence if I were to give you a sentence above the sentencing guideline range. It also says that if the government were to appeal your sentence, you could appeal, too, but except for those two instances, you are giving up your right to appeal your sentence. Do you understand what I just said?

Medina responded, "Yes, your honor." Later in the proceedings, Medina was asked if he was tendering his guilty plea freely and voluntarily, to which he responded, "Yes, your honor." After Medina stated that he did not have any questions, the district court accepted his guilty plea.[2]

Medina timely filed his § 2255 motion, in which he raised several claims including that his counsel was ineffective during sentencing and that his waiver of appeal was unknowing and involuntary based on both ineffective assistance of counsel and an alleged violation of Rule 11. The magistrate judge found that Medina's entry into the plea agreement was voluntary and knowing and recommended that his § 2255 motion be denied based on the plea agreement's waiver of collateral attack rights. The district court adopted the magistrate judge's final report and recommendation. The district court specifically noted that the

---

[2] Following a subsequent sentencing hearing, the district court sentenced Medina to 262 months' imprisonment. He is currently incarcerated.

alleged Rule 11 violation did not warrant collateral relief and that Medina's ineffective assistance of counsel claims failed because he suffered no prejudice.

## II.

In a proceeding to vacate, set aside or correct a sentence, we review legal issues de novo and factual findings for clear error. *See United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999) (per curiam). The validity of an appeal waiver is also reviewed de novo. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Waiver of the right to appeal must be knowing and voluntary. *See id.*; *see also United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). "The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." *Johnson*, 541 F.3d at 1066.

On appeal, Medina contends he did not knowingly waive his right to appeal his conviction and sentence because (1) his counsel did not explain to him that the waiver of his right to appeal included his right to bring a motion under § 2255 and (2) the district court did not specifically refer to his collateral attack rights during the plea colloquy. Medina further argues that his guilty plea, as a whole, is invalid because his counsel (1) did not adequately bargain for a plea deal that did not

waive his right to collaterally attack his sentence and conviction and (2) failed to convey to him the government's initial plea offer.  In response, the government avers the record demonstrates that Medina knowingly and voluntarily waived his right to collaterally attack his sentence.

Although the district court did not specifically note that Medina was waiving his right to collaterally attack his sentence during the plea colloquy, the record indicates that Medina "otherwise understood the full significance of the waiver." *See Bushert*, 997 F.2d at 1351.  The collateral attack waiver (identical to the waiver in the rejected March 2010 plea agreement) was set forth clearly in the plea agreement executed by Medina.  Medina also signed a separate acknowledgement verifying that he understood that the appeal waiver prevented him from appealing his conviction and sentence or challenging his conviction and sentence in any post-conviction proceeding.  Also, at his plea hearing, Medina verbally indicated that he understood the terms and effect of the appeal waiver.

The Supreme Court has held that "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Peguero v. United States*, 526 U.S. 23, 24, 119 S. Ct. 961, 963 (1999).  Here, both in writing and in person, Medina acknowledged that he knew and understood that, in entering his guilty plea, he was waiving his right to appeal his conviction and sentence and to

6

collaterally attack his conviction and sentence pursuant to § 2255.  There is nothing in the record to indicate that Medina's waiver was anything other than knowing and voluntary.  Accordingly, the district court did not err in finding the collateral attack waiver valid.

Medina briefly contends that his entire guilty plea (not just the waiver) is rendered invalid by his counsel's deficient representation.[3]  Specifically, Medina avers that he received ineffective counsel because his counsel did not convey an earlier plea offer that called for a sentence of 108 months' imprisonment or obtain for Medina a plea agreement that did not contain a collateral attack waiver.  *See Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 1405–06 (2012) (providing the right to effective assistance of counsel applies to plea bargaining).  However, these arguments are not persuasive because Medina cannot establish that he was prejudiced by his counsel's conduct.  *See id.* at 1409–10.

First, Medina cannot show prejudice as there is no reasonable probability that the district court would have accepted a plea agreement providing for a sentence of 108 months given that it rejected as too lenient an earlier plea agreement that required a 168-month sentence.  *See id.* at 1410; *see also Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069 (1984).  Second, there is

---

[3] At first glance, Medina's ineffective assistance of counsel claims fall outside the scope of the single issue set forth in the COA.  However, Medina's ineffective assistance of counsel claims arguably go to whether he knowingly waived his collateral attack rights.  *See Johnson*, 541 F.3d at 1066.  For this reason, these claims warrant brief examination.

7

nothing in the record to suggest that the government would have agreed to a plea deal that did not include a collateral attack waiver such that Medina was prejudiced by entering into a plea agreement *with* a collateral attack waiver. *See Frye*, 566 at 1410–11. As such, Medina cannot show that his counsel's alleged failure to adequately bargain or to convey an earlier plea offer prejudiced the outcome of his case.[4] *See id.* at 1409.

## III.

Accordingly, we affirm the district court's denial of Medina's motion to vacate, set aside or correct his sentence pursuant to § 2255.

**AFFIRMED.**

---

[4] Because we find a lack of sufficient prejudice, we need not determine whether Medina's counsel's performance was constitutionally deficient. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").