ORIGINAL

**FILED**

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0559

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0559

_____

DARRIN LELAND REBER,

Petitioner,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, HON. JUDGE SHANE VANNATTA,
Presiding,

Respondent.

_____

FILED

NOV 1 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Darrin Leland Reber, through stand-by counsel, electronically filed a Petition for Writ of Mandamus on September 22, 2023.

In his Petition, Reber seeks a writ of mandamus against the District Court Judge Shane A. Vannatta "to compel him to adhere and enforce Montana Uniform[] District Court Rule (2) and the well-established principles of law regarding affidavits[.]" Reber represents himself in a pending criminal case in the District Court. He refers to his various motions and affidavits that he has filed there since June 2023. Reber contends the District Court Judge "has violated the Code of Judicial Conduct by not fairly and impartially administrating the rules of the court and the principles of law[.]" He further contends "a court must accept an affidavit as true if it is uncontradicted by a counter-affidavit or other evidentiary materials[.]" Reber seeks to compel an order from the District Court "granting his motions to dismiss due to [his] uncontested affidavits and the Prosecution's failure to respond to [his] motions . . . as well taken."

A writ for extraordinary relief "shall be commenced and conducted in the manner prescribed by the applicable sections of the Montana Code Annotated for the conduct of such or analogous proceedings and by these rules." M. R. App. P. 14(2). A writ of mandamus, also known as mandate, is specific and statutorily driven. To state a claim for

mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834.

Reber argues the District Court must be compelled to perform his ministerial duty and to abide to the Uniform District Court Rules concerning the fourteen-day window that a response brief must be filed. Reber asserts the District Court has violated several Montana Codes of Judicial Conduct—Compliance with the Law and Promoting Confidence with the Judiciary. He states he filed a motion to dismiss in District Court on July 20, 2023. Reber adds the State filed its response to his motion on August 3, 2023, and he concludes the State's response was untimely.

We reviewed Reber's attachments and secured a copy of the court's register of actions, corroborating Reber's accounting of his filings. Reber filed several similar motions over an eight-day period. He filed a Motion to Dismiss for Lack of Jurisdiction and Brief Memorandum in Law on July 20, 2023, along with an affidavit in support. On July 28, 2023, he filed a Notice of Appearance and Demand to Move for Dismissal and Brief Memorandum in Law. He contends the State did not file a response to each of his filings.[1] We conclude the State did not need to respond to all of Reber's filings here.[2]

When the State did respond to Reber's Motions for Dismissal, it was timely. Reber miscalculates the fifteen days. The Montana Rules of Civil Procedure dictate the counting

---

[1] Reber mentions he filed other pleadings in June, such as a Notice of Deprivation of Rights by Judge Shane Vannatta on June 6, 2023, and a Demand for Summary Judgment, filed on June 12, 2023. We point out that summary judgment motions are applicable in civil proceedings, not criminal. M. R. Civ. P. 56.

[2] On June 28, 2023, the Deputy County Attorney for Missoula County sought clarification about the various pleadings that Reber had filed as a *pro se* litigant. At that time, the Deputy County Attorney pointed out the "Demand for Summary Judgment" and "Notice of Deprivation of Rights had been served upon the State by Reber's mother, "not by and through Defendant's court appointed attorney[.]"

2

of time for this period. *See* M. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days or a longer unit of time [] exclude the day of the event that triggers the period[.]") The State's response brief was within the fourteen days because the time starts on July 21, not July 20.[3] The District Court denied Reber's Motion to Dismiss due to lack of jurisdiction, explaining Reber falls within the jurisdiction of the District Court because of his pending felony charges. Section 46-3-110, MCA. The District Court acted on the pending motions and response, exercising its discretionary duty.

Reber has not shown a clear legal duty or ministerial duty. Section 27-26-102, MCA. What he references is a court's discretionary duty in deciding pending matters before a court. The District Court has not violated the afore-mentioned codes of judicial conduct. Moreover, Reber has the remedy of appeal. *Smith,* ¶ 28.

We note that Reber is a self-represented litigant who has been appointed stand-by counsel. Last year, this Court amended Rule 3(a) after its 2014 adoption of the Temporary Electronic Filing Rules, striking self-represented litigants from the list of individuals who may register to use the electronic filing system. *In re Temporary Electronic Filing Rules,* No. AF 14-0745, Order, at 1 (Mont. Feb. 22, 2022) (hereinafter Rules Order). Although Reber has been appointed stand-by counsel, "[t]he presence of stand-by counsel, however, does not alter a party's pro se status." *C.C. v. R.C.,* 2011 UT App 99, ¶ 7, fn.2, 250 P.3d 1038 (2011) (internal citations omitted). As such, standby counsel should accordingly refrain from electronically filing documents for Reber as he remains a *pro se* litigant and is precluded under the Electronic Filing Rules from filing electronically. Reber is cautioned that, as a *pro se* litigant, he is responsible for appropriately filing hard copy documents consistent with the Montana Rules of Appellate Procedure. *See* M. R. App. P. 14(9). Therefore,

---

[3] The District Court mis-stated the date of Reber's filed motion, but that has no effect on the conclusion here.

IT IS ORDERED that the petition for a writ of mandamus is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to: the Honorable Shane Vannatta, District Court Judge; Amy McGhee, Clerk of District Court, Missoula County, under Cause No. DC-23-187; Brittany L. Williams, Deputy County Attorney; Joshua Demers, Stand-by counsel; and Darrin Leland Reber personally.

DATED this 14th day of November, 2023.

Justices